[Civ. No. 62411. Second Dist., Div. Five. Aug. 11, 1982.]

BURBANK STUDIOS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and AUGUST
YOUNT, Respondents.

COUNSEL

Samuelsen & Coalwell and Richard Fineberg for Petitioner.

Rose, Klein & Marias and Jerome Berman for Respondents.

OPINION

**HASTINGS, J.**—The issue before us on this appeal is whether the Workers' Compensation Appeals Board (WCAB) erred in affirming an order that modified a compromise and release over the objection of the employer. We have concluded that it did.

FACTS

The facts pertinent to this appeal are as follows: On or about June 21, 1979, August Yount (Yount or applicant) filed an application for adjudication of claim, alleging an injury on May 11, 1979, to his right arm while employed by Burbank Studios (Burbank Studios or Employer), permissibly self-insured for workers' compensation benefits.

Yount was hospitalized on July 16, 1979, and surgery for excision of a soft tissue tumor occurred on July 20, 1979. Yount claims the injury occurred when his arm was struck by a cable. Burbank Studios denied any injury arising out of or occurring in the course of Yount's employment.

After the trial, while the case was submitted for decision, the parties entered into a compromise and release agreement which stipulated that

Yount sustained an injury to his right arm, but that there was a bona fide dispute as to the proximate cause of the injury, the duration of disability, and need for further medical treatment.[1]

On January 23, 1981, the workers' compensation judge (WCJ) issued an order approving the compromise and release, except that she issued an order striking the provisions that released Burbank Studios from all liability for rehabilitation rights. In the order the WCJ stated that "The right to rehabilitation is not abrogated by this Order."

Burbank Studios filed a timely petition for reconsideration of the order, contending that the WCJ exceeded her jurisdiction in striking the language from the addendum to the compromise and release and in not providing the parties with an opportunity to be heard on the issue of

---

[1]The relevant portion of the stipulation states:

"There are legitimate issues of injury AOE/COE and proximate causation which are being resolved by this Compromise and Release. The applicant claims to have sustained a blunt trauma to his right upper extremity which is alleged to have traumatically induced a malignant sarcoma at the site of the trauma. The parties stipulate that the blunt blow, which applicant received to his right upper extremity, caused no temporary disability or permanent disability. Any temporary disability, need for medical treatment, or permanent disability was caused by the malignancy and surgical excision of such malignancy in the area of the applicant's right upper extremity.

"There is a serious and bona fide dispute as to the proximate causation with respect to the development of the malignancy in the applicant's right upper extremity. In accordance with the decision of *Thomas* vs. *Sports Chalet*, where legitimate issues of injury AOE/COE are involved, the applicant's rights to rehabilitation are also encompassed within the Compromise and Release agreement. Approval of this Compromise and Release by the Judge is tantamount to a specific finding that a legitimate issue of injury AOE/COE exists and that the requirements of the Thomas decision have been met in terms of resolving the applicant's claim to rehabilitation. This Compromise and Release is submitted and predicated upon that basis and defendants specifically request that in any order issuing forth approving this Compromise and Release, that a distinct basis be indicated in such approval indication that a bona fide issue of injury AOE/COE does exist.

"There is a further substantial dispute as to the nature, extent, and duration of disability, need for further medical treatment, and apportionment. The parties do hereby, in this Compromise and Release agreement, further resolve any claims for additional periods of temporary disability, not indicated as having been paid herein, as well as transportation expense for medical-legal examination purposes and/or self-procured treatment. The parties desire to avoid the hazards of litigation and compromise their difficulties by a lump sum settlement. Both parties feel a reasonable compromise has been reached and urge the Workers' Compensation Appeals Board to approve this agreement.

"Applicant is represented by highly experienced and competent counsel who is a specialist in Workers' Compensation Law. Applicant has been fully advised by his attorney of the full nature and effect of execution of this Compromise and Release agreement with respect to any entitlement to rehabilitation benefits which are specifically compromised pursuant to the decision of *Thomas* vs. *Sports Chalet*."

whether the rehabilitation portion of the case could be properly compromised and released.

After reconsideration the WCJ agreed she had erred and issued a report and recommendation on petition for reconsideration, stating:

"The Petition is timely filed, cogent and correct and the Court concedes error, for the reasons stated by the Petitioner, in striking the portions of the Compromise and Release.

"The trial court was of the opinion that since the occurrence of an injury was not in question in this matter the case of *Thomas* v. *Sports Chalet* was not applicable. However, after review of the Petition and the case itself; it clearly applies.

"Accordingly, it is respectfully recommended that the Petition for Reconsideration be granted and that the Order Striking Paragraph 2 and 4 of the Addendum be deleted."

The WCAB then issued an "Opinion and Order Granting Reconsideration and Notice of Intention to Affirm," on March 25, 1981, stating: "After a review of the record, the Board is disinclined to disturb the trial judge's original order. It is not persuaded that there is a legitimate and good faith issue as to injury. It is not persuaded that the issue of causation is an issue which would permit the Board to approve a compromise and release which releases all rehabilitation rights.

"However, the Board will grant reconsideration in order to give notice of its intention to affirm the original award, and *permit the parties to present any further matters that they wish considered by the Board.*

"NOTICE IS HEREBY given that ten days from the date of service shown below, this matter will be submitted for decision after reconsideration, *unless good cause to the contrary is shown in writing addressed to the Workers' Compensation Appeals Board, P.O. Box 603, San Francisco, CA 94101* - ATTENTION: RECON."

In a letter dated April 1, 1981, Burbank Studios responded in relevant part as follows: "Petitioner The Burbank Studios herein acknowledges receipt of this Board's Order Granting Reconsideration served on March 25, 1981.

"Petitioner respectfully submits that the issue of causation was a substantial and hotly contested issue in this litigation such that the same was recognized by applicant's counsel, Eugene Marias, who did not join in the reconsideration process. As stated by petitioner, such an issue is one which if proven, would have the effect of defeating applicant's rights to all workers' compensation benefits in accordance with *Thomas* vs. *Sports Chalet.*

"In the event this Board did not have the opportunity to review the trial Judge's report and recommendation on the Petition for Reconsideration, a copy of enclosed herewith. As can be noted the trial Judge wholeheartedly agrees with the contentions of petitioner."

On April 21, 1981, the WCAB issued an "Opinion and Decision After Reconsideration" stating that it "has received no response within the time allowed, or at all." Therefore, the WCAB affirmed the findings and order of January 23, 1981, which left in force the original order of the WCJ that modified the compromise and release.

## DISCUSSION

To ensure that a compromise and release is adequate, the workers' compensation appeals judge must inquire into the adequacy of all compromise and release agreements. (Cal. Admin. Code, tit. 8, § 10882; Lab. Code, § 5001.)[2]

A settlement which gives an employee less than the full amount to which he may be entitled is only valid where there is a reasonable doubt of the applicant's entitlement to the benefits. (Cal. Admin. Code, tit. 8, § 10870.)[3]

---

[2]Labor Code section 5001 provides: "Compensation is the measure of the responsibility which the employer has assumed for injuries or death which occur to employees in his employment when subject to this division. No release of liability is valid unless it is approved by the appeals board or referee."

California Administrative Code, title 8, section 10882 (WCAB Rules, § 10882), provides: "The Workers' Compensation Appeals Board shall inquire into the adequacy of all compromise and release agreements and may set the matter for hearing to take evidence when necessary to determine whether the agreement should be approved or disapproved, or issue findings and awards."

[3]California Administrative Code, title 8, section 10870 (WCAB Rules, § 10870), provides: "Agreements which provide for the payment of less than the full amount of compensation due or to become due and which undertake to release the employer from all future liability will be approved only where it appears that a reasonable doubt exists

■ A compromise and release agreement is determinative of the rights of the parties in a dispute. (*Shriver* v. *Kuchel* (1952) 113 Cal. App.2d 421 [248 P.2d 35].) The legal principles governing compromise and release agreements are the same as those governing other contracts.

■ For a compromise and release agreement to be effective, the necessary elements of a contract must exist, including an offer of settlement of a disputed claim by one of the parties, and an acceptance by the other. (12 Cal.Jur.3d, § 59, p. 360.) A court has no authority to fashion a compromise and release agreement to which the parties have not themselves agreed. (*Burgess* v. *California Mut. Bldg. & Loan Assoc.* (1930) 210 Cal. 180 [290 P. 1029].)

■ Here, after the parties had tried and submitted the case to the WCJ for decision, but before she had issued a findings and award, the parties entered into the compromise and release agreement. The WCJ initially modified the agreement by striking all provisions relating to rehabilitation benefits. In its petition for reconsideration, Burbank Studios contended that the WCJ had exceeded her jurisdiction in striking the language from the addendum. In her report and recommendation on reconsideration, the WCJ agreed that Burbank Studios was correct. She then made a recommendation that the order striking the pertinent paragraphs be deleted and the original compromise and release be approved as agreed to by the parties. The WCJ thus fulfilled her obligation in connection with the compromise and release.

On reconsideration the WCAB refused to follow the recommendation of the WCJ that the compromise and release should be approved as drawn. Instead it approved the WCJ's original order (which she ad-

---

as to the rights of the parties or that approval is in the best interest of the parties. No agreement shall relieve an employer of liability for vocational rehabilitation benefits unless the Workers' Compensation Appeals Board makes a finding that there is a good faith issue which, if resolved against the injured employee, would defeat the employee's right to all workers' compensation benefits."

The WCAB Rules section 10878, provides: "The filing of a compromise and release agreement shall constitute the filing of an application which may, in the Workers' Compensation Appeals Board's discretion, be set for hearing, reserving to the parties the right to put in issue facts which might otherwise have been admitted in the compromise and release agreement. If a hearing is held with this document used as an application, the defendants shall have available to them all defenses that were available as of the date of filing of this document. The Workers' Compensation Appeals Board may thereafter either approve the compromise and release agreement or disapprove it and issue findings and award after hearing has been held and the matter submitted for decision."

mitted was incorrect) which deleted the provisions regarding rehabilitation rights for Yount.

The WCAB first erred by not stating the evidence relied on and reasons for its opinion and decision, in violation of Labor Code section 5908.5.

Labor Code section 5908.5 provides that: "Any decision of the Appeals Board granting or denying a petition for reconsideration or affirming, rescinding, altering or amending the original findings, order, decision or award following reconsideration shall . . . state the evidence relied upon and specify in detail the reasons for the decision."

■ The purpose of this section requiring the appeals board to specify in detail the reasons for its decision is to assist the reviewing court to ascertain principles relied upon by the lower tribunal to help avoid careless or arbitrary action and to make the right of appeal more meaningful. (*Goytia* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 889 [83 Cal.Rptr. 591, 464 P.2d 47], appeal after remand, 6 Cal.3d 660 [100 Cal.Rptr. 136, 493 P.2d 864]; *Solomon* v. *Workmen's Comp. Appeals Bd.* (1972) 24 Cal.App.3d 282 [100 Cal.Rptr. 899].)

In *Thomas* v. *Sports Chalet, Inc.* (1977) 42 Cal.Comp.Cases 625, 632, the WCAB determined in an en banc decision that in Labor Code section 5100.6 "the Legislature has made it clear that where the employee is injured and has an enforceable right to workers' compensation benefits, the Board should not allow a release of either present or future rights to rehabilitation." However, where there is "a genuine doubt or question as to the validity of the claim which if resolved against the applicant would result in a denial of all benefits," the parties should be allowed to compromise and release rehabilitation benefits. (*Thomas, supra*, at p. 633.) We believe the reasoning in *Thomas* is sound.

In the present case, the WCAB stated only that: "After a review of the record, the Board is disinclined to disturb the trial judge's original order. It is not persuaded that there is a legitimate and good faith issue as to injury. It is not persuaded that the issue of causation is an issue which would permit the Board to approve a compromise and release which release all rehabilitation rights."

■ The WCAB did not state in any further detail the reasons why it does not believe there is a legitimate and good faith issue which could

potentially bar the applicant's right to all benefits under *Thomas* v. *Sports Chalet, Inc., supra.* The WCJ by eventually recommending approval of the compromise and release believed there was a bona fide issue on liability that would support the agreement. The WCAB's error in not complying with section 5908.5 prevents us from properly reviewing its action.

Although the WCAB erred, as outlined above, returning the case to it for detailed statements of its reasons would not solve the basic problem in this matter. Neither the WCJ nor the WCAB could rewrite the compromise and release. This, in effect, is what the WCAB sought to do. By striking the provisions relating to rehabilitation benefits it sought to remove a key portion of the parties agreement. Actually the WCAB was restricted in the action it could take. It could have agreed with the WCJ's recommendation and approved the compromise and release as drawn by the parties, or it could have disapproved the settlement agreement[4] thereby leaving the parties in the same position that they were prior to its signing.[5]

The order of the board on reconsideration and the order approving the compromise and release as amended by the WCJ are annulled and the matter is remanded to the WCAB for further proceedings consistent with the views expressed herein.

Stephens, Acting P. J., and Ashby, J., concurred.

---

[4]We are not suggesting that some form of conditional action could not be taken by the WCAB provided Burbank Studios had the right to accept or reject the proposal and rejection would return the parties to their previous status quo.

[5]In this case the matter had been heard and only the findings and award by the WCJ remained for determination.