[Civ. No. 30593. Fourth Dist., Div. Three. Nov. 1, 1983.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD
and DANIEL ADAME, Respondents.

COUNSEL

Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva and Louis Harris for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett, Banks, Leviton, Kelley, Drass & Kelsey and Mary Carol Scherb for Respondents.

OPINION

CROSBY, J.—

I

Daniel Adame claims to have injured his lower back while working as a carpenter. The applicant and his employer's workers' compensation carrier disagreed on whether Adame actually sustained an industrial injury and the nature and extent of his injuries. Before any evidence was taken at the hearing, the parties submitted a handwritten form compromise and release to the workers' compensation judge for approval. The parties agreed "[a] serious and good faith issue exists [on the issue of industrial injury] which if decided against the applicant would defeat all his rights to benefits . . .," but did not detail any facts to support this conclusion. The proposed settlement included applicant's release of the employer's liability for rehabilitation benefits. Applicant has never disavowed the stipulation and supported the employer's carrier's position at oral argument.

Without hearing, the workers' compensation judge approved the compromise and release, but not the proposed settlement of rehabilitation benefits. State Compensation Insurance Fund, the employer's workers' compensation carrier, petitioned the Workers' Compensation Appeals Board (WCAB) for reconsideration. In denying the petition, the WCAB simply adopted and incorporated the "Opinion and Recommendation of Workers' Compensation Judge on Petition for Reconsideration," which concluded the workers' compensation carrier failed to show "a bona fide issue of injury" existed, and

in any event he was precluded by Labor Code section 5100.6[1] from approving a settlement of rehabilitation benefits. For the reasons discussed below, this order must be annulled.

## II

■ First, despite Labor Code section 5100.6, the employer's mandatory duty to provide rehabilitation benefits (Lab. Code, § 139.5, subd. (c)) may be compromised and released where "a serious and good faith issue exists . . . as to the validity of the claim which if resolved against the applicants would result in a denial of all benefits." (*Thomas* v. *Sports Chalet, Inc.* (1977) 42 Cal.Comp.Cases 625, 633.) The WCAB's authority under *Thomas* to release the employer from future liability for rehabilitation benefits was later codified in California Administrative Code, title 8, section 10870[2] and recently affirmed in *Burbank Studios* v. *Workers' Comp. Appeals Bd.* (*Yount*) (1982) 134 Cal.App.3d 929 [184 Cal.Rptr. 879]. The WCAB's authority is limited, however; it may not rewrite the parties' agreement by striking the proposed settlement of rehabilitation benefits and approving the balance of the compromise and release.[3] (*Burbank Studios, supra,* at p. 937.)

Second, whether the WCAB approves or disapproves the proposed compromise and release, *Thomas* and *Burbank Studios* require the WCAB to examine the record in order to make an express finding on the issue of the claim's validity and to specify reasons for the decision. (Lab. Code, § 5908.5)[4] If the workers' compensation judge issues a recommendation satisfying these requisites, the WCAB may adopt and incorporate the recommendation of the workers' compensation judge as its own when denying

---

[1]Labor Code section 5100.6 provides, "Notwithstanding the provisions of Section 5100, the appeals board shall not permit the commutation or settlement of compensation or indemnity payments or other benefits to which the employee is entitled under rehabilitation." The constitutionality of the statute is not questioned in this proceeding.

[2]Title 8, California Administrative Code, section 10870 states, "Agreements which provide for the payment of less than the full amount of compensation due or to become due and which undertake to release the employer from all future liability will be approved only where it appears that a reasonable doubt exists as to the rights of the parties or that approval is in the best interest of the parties. *No agreement shall relieve an employer of liability for vocational rehabilitation benefits unless the Workers' Compensation Appeals Board makes a finding that there is a good faith issue which, if resolved against the injured employee, would defeat the employee's right to all workers' compensation benefits."* (Italics added.)

[3]We agree "some form of conditional action . . . [might] be taken by the WCAB provided [the parties have] the right to accept or reject the proposal and rejection would return the parties to their previous status quo." (*Burbank Studios, supra,* 134 Cal.App.3d at p. 937, fn. 4.)

[4]Labor Code section 5908.5 provides in part, "Any decision of the appeals board granting or denying a petition for reconsideration . . . shall be in writing . . . and shall state the evidence relied upon and specify in detail the reasons for the decision. . . ."

a petition for reconsideration. (*Gaiera* v. *Workmen's Comp. App. Bd.* (1969) 271 Cal.App.2d 248 [76 Cal.Rptr. 656].)

■ Here, however, the recommendation of the workers' compensation judge was made without a hearing or submission of any evidence, apart from the stipulation, and was contrary to the parties' stipulation of a bona fide issue of injury. The recommendation did not comport with the requirement that the WCAB "detail the reasons why it does not believe there is a legitimate and good faith issue which could potentially bar the applicant's right to all benefits under *Thomas* v. *Sports Chalet, Inc., supra.*" (*Burbank Studios, supra,* at pp. 936-937.) Thus, the WCAB's order, which simply adopted the recommendation in toto, failed to adequately justify the decision (Lab. Code, § 5908.5) and precludes our meaningful review.

The error is compounded because the settlement was before trial, creating a significant factual distinction from *Burbank Studios, supra,* 134 Cal.App.3d at pp. 931, 937. There, the WCAB failed to specify reasons for disapproval of a *posttrial* compromise and release. Here, the WCAB did not generate a record in order to support its disapproval of the settlement of rehabilitation benefits.

■ We conclude an applicant and the employer or its compensation carrier may include settlement of vocational rehabilitation benefits in a pretrial compromise and release, provided the record is sufficiently detailed to permit an informed and precise finding on the issue of a bona fide industrial injury and the WCAB explains the reason for its decision and specifies the evidence relied upon. In most cases this can be accomplished with a factual, nonconclusory stipulation; in others the presentation of evidence may be necessary. Here the workers' compensation judge should have simply returned the entire compromise and release to the parties for the necessary factual information before decision.

Accordingly, the WCAB order denying reconsideration is annulled. The matter is remanded to the WCAB for further proceedings consistent with this opinion.

Trotter, P. J., and Wallin, J., concurred.