[Civ. No. 33142. Second Dist., Div. Four. Nov. 18, 1968.]

WINIFRED S. PECK, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, CHALCO ENGINEERING et al., Respondents.

Lee E. Stark for Petitioner.

Everett A. Corten, Nathan Mudge, Baldwin & Thomas, Robert D. Baldwin and Victor S. Baker for Respondents.

WAPNER, J. pro tem.*—Petitioner seeks annulment of a decision of the Workmen's Compensation Appeals Board, after reconsideration, which set aside an award issued by a referee and denied her claim for compensation. We have concluded that the decision must be annulled for failure of the appeals board to state the evidence relied upon and specify in detail the reasons for its action, as required by section 5908.5[1] of the Labor Code.

---

*Assigned by the Chairman of the Judicial Council.

[1] "Any decision of the appeals board granting or denying a petition for reconsideration or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a referee and shall be in

Applicant, a secretary, claimed that back surgery which she underwent on March 7, 1967, with attendant medical treatment, hospital care and temporary disability, was required as a result of the acceleration, aggravation and lighting up of a preexisting asymptomatic nonindustrial condition by a fall at work on September 12, 1966. Respondents contended that the surgery was required because of an incomplete fusion of her spine following a prior disc surgery in June of 1965 and/or a nonindustrial injury in an automobile accident on October 31, 1966.

The referee found that the combined effects of the industrial incident and the automobile accident caused the need for the surgery, apportioned two-thirds of liability to industrial causes and one-third to nonindustrial causes, and issued award imposing liability on respondents for two-thirds of the medical and hospital expenses and two-thirds of normal temporary disability indemnity. The appeals board granted respondents' petition for reconsideration, vacated the award, found that applicant did not sustain an industrial injury, and issued award limited to medical-legal costs. Applicant's subsequent petition for reconsideration was denied.

The written opinion of the appeals board, required by Labor Code section 5908.5, states: ''We have carefully reviewed the record in this matter. At the time of her injury on September 12, 1966, applicant was asymptomatic to the incomplete fusion of the cervical spine, as a result of the previous operation. She was not disabled by the injury of September 12, 1966. On October 31, 1966, she was involved in a non-industrial automobile accident and subsequently became disabled. It is our opinion after our review of the record that she sustained no industrial injury as a result of her accident of September 12, 1966, and that her self-procured medical treatment is attributable to her pre-existing condition which was aggravated by the non-industrial accident.''

 ''The board in any decision on reconsideration altering or amending an order or award is required to state the evidence relied upon and specify in detail the reasons for that decision in order to assist the reviewing court in ascertaining the principles relied upon by the board, to help the board avoid careless or arbitrary action, and to make the right of review meaningful. (Lab. Code, § 5908.5; *Evans* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 753, 755 [68 Cal.Rptr.

---

writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision.''

825, 441 P.2d 633].)'' (*Granado* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 399, 406 [71 Cal.Rptr. 678, 445 P.2d 294].)

■ In the present proceeding it appears there was no question that applicant continued to work after the fall on September 12, 1966, until the automobile accident occurred on October 31, 1966. However, that fact does not decide the question of whether the need for surgery was caused by the normal progress of her pre-existing condition, by the lighting up of the condition by the industrial incident, or by the subsequent injury in the automobile accident. ■ Obviously, the question must be answered on the basis of reasonable medical probability in the opinion of medical experts who have knowledge of the complete history of the progress and changes in objective findings, symptoms, and complaints in respect to applicant's back troubles. (Cf. *Lundberg* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 436 [71 Cal.Rptr. 684, 445 P.2d 300].) There are complex factual, medical, and legal issues in any case where the applicant has a pre-existing condition and industrial causation is a basic issue. (See e.g., *Berry* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 786 [69 Cal.Rptr. 68, 441 P.2d 908]; *Zemke* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 794 [69 Cal.Rptr. 88, 441 P.2d 928]; *Granado* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 399 [71 Cal.Rptr. 678, 445 P.2d 294]; *McAllister* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 408 [71 Cal.Rptr. 697, 445 P.2d 313].) Only full compliance by the appeals board with Labor Code, section 5908.5 will give the parties an opportunity for meaningful review by the court. We do not now consider the other issues raised by the petition.

The decision of the Workmen's Compensation Appeals Board is annulled.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied December 10, 1968.