[Civ. No. 42599. Second Dist., Div. Four. Dec. 18, 1973.]

ALBERT VAN LUIT WALLPAPER COMPANY et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD and FRANK TAYLOR, Respondents.

## COUNSEL

Zonni, Ginocchio & Taylor, Ralph D. Malmquist, McConnell, Cramoline & Murray and Douglas Murray for Petitioners.

Charles Lawrence Swezey, Sheldon C. St. Clair, Dennis J. Hannigan, Lewis & Marenstein and Alan B. Marenstein for Respondents.

## OPINION

**KINGSLEY, J.**—The applicant, Frank Taylor, was employed by Albert Van Luit Wallpaper Company, as a stock clerk. He claims industrial injuries, consisting in part of aggravation of a preexisting hernia and a preexisting cardiac problem.[1] After a hearing, and on the basis of medical reports before him, the referee found that Taylor's problems were not work connected and denied an award except for certain medical-legal costs. Taylor duly petitioned for a reconsideration. The referee filed a report on that petition, recommending denial, but with some slight modification of his reasoning. The board, by an order dated February 2, 1972, granted reconsideration. Additional medical examinations, reports and testimony followed, resulting in the award now before us, which granted Taylor temporary disability and permanent disability (rated at 65½ percent) for an industrially caused aggravation of a hernia and heart condition.

The employer and two insurance carriers petitioned this court for review of the board's final order. This court denied both petitions. The employer and one carrier (Reliance)[2] sought hearing in the Supreme Court, which granted the request and re-referred that case to us, citing two cases hereinafter discussed. Accordingly we issued our writ of review in the employer-Reliance case; return has been made; the matter has been argued and submitted. For the reasons set forth below we affirm the award.

---

[1]Applicant filed four claims, involving several alleged industrially caused disabilities. As finally resolved only the two matters referred to in the text were adjudicated in his favor; no issue as to the other claims is before us.

[2]The employer had been insured by petitioner Reliance Insurance Company and by Pacific Employers Insurance Company each for a portion of the times involved. Pacific did not seek hearing in the Supreme Court after our denial of its petition. Since we affirm the award against the employer and Reliance, the finality of the award against Pacific creates no problem in determining contribution.

Petitioners seek annulment of the award both on procedural grounds and on the merits.

## I

■ Admittedly (although the referee originally expressed a doubt) Taylor has a heart condition serious enough to have required open heart surgery. The medical evidence before the board on reconsideration disclosed a conflict of professional opinion, one doctor finding no industrial connection, another a 50 percent relation and a third 100 percent. The board's award is based on a finding of 75 percent industrial causation. We cannot say that that finding is without support in the ultimate record.

■ There was, also, substantial conflict over the effect of Taylor's work on his hernia. Petitioners contend that the record shows that he was required to lift rolls of material weighing only a few pounds; Taylor testified that he was required to lift rolls which he "guessed" weighed as much as 50 to 60 pounds. The board's opinion discusses that conflict and determines that Taylor's testimony was to be credited. We cannot say that that factual determination is without support in the record.[3]

## II

As we indicated above, petitioners lay stress on an alleged procedural error, arguing that the board's opinion and order granting reconsideration did not comply with the requirements of section 5908.5 of the Labor Code as that section was construed in two decisions from the first appellate district, both of which are cited in the Supreme Court's order directing us to issue the instant writ of review. Those cases are: *Zozaya* v. *Workmen's Comp. Appeals Bd.* (1972) 27 Cal.App.3d 464 [103 Cal.Rptr. 793], and *Solomon* v. *Workmen's Comp. Appeals Bd.* (1972) 24 Cal.App.3d 282 [100 Cal.Rptr. 899].

■ For the reason set forth below we conclude that neither case requires us, on the record before us, to annul the board's ultimate order. While the order did not meet the test so prescribed,[4] it did, in the light of

---

[3]At oral argument, counsel stressed the contention that Taylor's use of the word "guess" reduced his testimony to mere speculation. We cannot say that the board erred as a matter of law in not holding a stock clerk to the niceties of semantics and in treating the testimony of an experienced workman as sufficiently accurate to sustain the holding that his work did involve heavy lifting.

[4]The order read as follows: "The Board, after reviewing the record in the above-numbered cases, has concluded that the medical evidence currently in the file does not provide an entirely satisfactory basis for a just and equitable decision on the

the petition for reconsideration, point up the issue to be resolved—namely the conflict in the earlier medical evidence and the extreme weakness of that evidence. Substantial proceedings followed, with no suggestion, either at the board level or here, that the employer and its carriers were in any doubt as to the issue to be litigated or that they were under any handicap in presenting and arguing their side of that issue. For us, on the record before us, to send the case back to the board would result in nothing but a wasteful spinning of the wheels. Alerted by the petition before us, the board easily can draw and promulgate in elaborate detail a new order granting reconsideration and then, on the record it now has, refile its present order and decision granting the identical award. To impose that useless procedure on a busy administrative agency serves no public purpose.

The award is confirmed.

Files, P. J., and Jefferson, J., concurred.

---

issues of the nature and extent of applicant's disability. Under the circumstances, the Board considers these appropriate cases in which to exercise its discretion to direct an independent medical evaluation. (See *Lundberg* v. *WCAB*, 69 C.2nd 436, 440; 33 CCC 656, 659.) Reconsideration will be granted for the purpose of obtaining such *additional medical evidence, for such further proceedings as may thereafter be indi-cated in the record; and for this Board's decision following reconsideration.''