**Alvin DANIELS, Plaintiff-Appellant,**

**v.**

**FESCO DIVISION OF CITIES SERVICE COMPANY, Cities Service Company, Defendants-Appellees.**

**No. 83–5924.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 1984.

Decided April 2, 1984.

Richard H. Billings, Santa Ana, Cal., for plaintiff-appellant.

Seymour Swerdlow, Dern, Mason, Swerdlow & Floum, Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS, TANG and SKOPIL, Circuit Judges.

PER CURIAM:

Daniels appeals from the district court's grant of summary judgment in favor of his former employer, Fesco Division of Cities Service Company (FESCO). The district court ruled that Daniels' action for wrongful discharge was barred by the two year statute of limitations because Daniels' cause of action accrued when he was notified of his termination on October 24, 1980, more than two years before he filed his complaint on November 29, 1982. Daniels claims on appeal that the statute of limitations did not begin to run until FESCO terminated his salary payments on November 30, 1980.

We agree that the cause of action accrued on October 24, 1980, and affirm.

In a diversity case, the federal court applies the state's substantive law. Here, California law determines when a cause of

action accrues for wrongful discharge. Because the California Supreme Court has not decided this precise issue, "we must fashion the rule we believe that court would follow were it confronted with a similar situation." *Roesgen v. American Home Products Corp.*, 719 F.2d 319, 321 (9th Cir.1983).

We believe the state court, based on its traditional reliance on federal employment law, would apply a two-year statute of limitations to a wrongful discharge action. California courts have turned to federal law in the development of its state employment law. *See, e.g., Hentzel v. Singer Co.*, 138 Cal.App.3d 290, 300 n. 7, 188 Cal.Rptr. 159, 165 n. 7 (1982) (relying on Title VII, anti-retaliation provisions, 42 U.S.C. § 2000e et seq.). Federal case law supports the position that an employer's liability for wrongful discharge commences upon notice of the employee's termination even though the employee continues to serve the employer after receipt of such notice. Under Title VII, for example, a cause of action for wrongful termination accrues upon notice, not upon termination of services to the employer. *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). *See also, NLRB v. California School of Professional Psychology*, 583 F.2d 1099, 1101 (9th Cir.1978); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Payne v. Crane Co.*, 560 F.2d 198 (5th Cir.1977) (per curiam).

Based on federal precedent, and on California's reliance on federal law in this area, we agree that the district court correctly determined that the wrongful discharge action accrued when the notification was given on October 24, 1980, rather than the date when compensation stopped.

AFFIRMED.