[No. G001947. Fourth Dist., Div. Three. Mar. 27, 1985.]

DONNA B. PAINTER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
CORONA NORCO UNIFIED SCHOOL DISTRICT, Respondents.

COUNSEL

Roger T. Peterson for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett, Grancell, Grancell & Marshall and Stewart A. Marx for Respondents.

OPINION

SONENSHINE, J.—Donna B. Painter has petitioned for a writ of review after the Workers' Compensation Appeals Board (WCAB) denied her petition for reconsideration. We consider whether the order denying reconsideration is supported by an adequate statement as required by the Labor Code. The trial judge prepares a report on reconsideration because he or she has had an opportunity to observe the witnesses and exhibits. Here there was no report so the WCAB incorporated the original decision and examined the record itself. While the board itself may have done more than is customary on petitions for reconsideration, its statement justifying the order is nonetheless inadequate.

In April 1982 Painter filed an application for workers' compensation benefits, alleging injury to her nervous system from the beginning of her employment as a school teacher in 1973 to the time of her disability on November 9, 1981. Medical evidence about her condition was in dispute. Her treating psychiatrist (Dr. Lasher) and another psychiatrist (Dr. Hasker) diagnosed Painter as suffering from a "severe dysthymic disorder" caused by the stresses of teaching. Both doctors felt Painter would benefit from further treatment. Dr. Wixen, the doctor for the defendants, reported there was no industrial injury.

Trial began on March 22, 1983, but was continued to May 17, 1983. At the close of the hearing on May 17, the judge ordered Painter examined by

a court-appointed medical examiner, Dr. Schwartz. He concluded "the stresses of the work situation in 1981 superimposed on this tenuously balanced, emotionally fragile woman caused her a temporary aggravation of her underlying depressive symptomatology and resulted in a temporary disability of six months."

On June 27, 1984, the judge issued his findings and award and opinion on decision, finding Painter had sustained an industrial psychiatric injury resulting in a temporary partial disability for the period from April 1, 1982 through May 9, 1982. Painter was also entitled to reimbursement for psychiatric treatment provided by Kaiser Foundation Hospital from November 9, 1981 through May 9, 1982. However, the judge held Painter had not sustained a permanent industrial injury and had no need for further medical treatment as a result of an industrial injury.

Painter filed a petition for reconsideration before the WCAB, contending the judge erred by relying exclusively on the conclusions of Dr. Schwartz. Painter also alleged the doctor's report was based on errors of fact about her medical history and speculation on the severity of her industrial injury.

Due to illness, the trial judge did not prepare a report on reconsideration for use by the WCAB. On August 17, 1984, the WCAB issued its opinion and order denying reconsideration.[1] After relating the trial judge's decision and Painter's contentions in her petition for reconsideration, the WCAB

---

[1]The body of the opinion and order reads: "Applicant seeks reconsideration of the Findings and Award issued by the workers' compensation judge (WCJ) on June 27, 1984. In that decision, it was found that applicant sustained industrial injury to her psyche while employed as a teacher from September 1973, through November 9, 1981, resulting in temporary disability from April 1, through May 9, 1982, but no permanent disability. It was also found that applicant reasonably obtained psychiatric treatment from Kaiser Foundation Hospital from November 9, 1981, through May 9, 1982, but did not require further medical treatment for her industrial injury after May 9, 1982.

"Applicant contends that the WCJ erred in relying on the opinion of Melvin Schwartz, M.D., the court-appointed medical examiner, in finding that applicant's temporary disability ended on May 9, 1982, and that she needs no further treatment for her injury after that date. However, after reviewing the entire record, we are persuaded that reconsideration should be denied. Based on the rationale stated by the WCJ in his Opinion on Decision, which we adopt and incorporate as our own, we find applicant's contention lacking in merit. Although we have considered contrary medical opinions in the record, we conclude that the opinion of Dr. Schwartz, a psychiatrist constitutes substantial evidence. We reject applicant's arguments that Dr. Schwartz relied upon an inaccurate history or that his opinion is merely speculative. The WCJ was entitled to rely upon Dr. Schwartz' opinion and that opinion justifies the WCJ's findings. We will therefore affirm the WCJ's decision.

"We observe, finally, that although we will serve applicant with a copy of the minutes of the January 27, 1983 hearing, applicant was not prejudiced by not receiving those minutes inasmuch as no exhibits were admitted into evidence at the hearing.

"For the foregoing reasons,

"It Is ORDERED that applicant's Petition for Reconsideration filed July 19, 1984, be, and it is hereby, DENIED."

explained its reasons for denying reconsideration. The board indicated it had reviewed the entire record. It also said "[b]ased on the rationale stated by the WCJ in his Opinion on Decision, which we adopt and incorporate as our own, we find applicant's contention lacking in merit." The board noted it had considered contrary medical opinions in the record, but concluded Dr. Schwartz' opinion constituted substantial evidence. Further, the board rejected the argument Dr. Schwartz relied upon an inaccurate history and his opinion was speculative. Thus the board concluded the judge was entitled to rely on this opinion.

I

Painter contends the decision denying the petition for reconsideration does not comply with Labor Code section 5908.5.[2] We agree.

Section 5908.5 requires the WCAB decision to "state the evidence relied upon and specify in detail the reasons for the decision."[3] "The purpose of this section requiring the appeals board to specify in detail the reasons for its decision is to assist the reviewing court to ascertain principles relied upon by the lower tribunal to help avoid careless or arbitrary action and to make the right of appeal more meaningful. [Citations.]" (*Burbank Studios* v. *Workers' Comp. Appeals Bd.* (1982) 134 Cal.App.3d 929, 936 [184 Cal.Rptr. 879].)

As noted, the referee or judge customarily prepares a report on reconsideration addressing the issues raised in the petition. The WCAB may simply incorporate and include the report in its order when it *denies* reconsideration, and, assuming the report itself complies with section 5908.5, the board has satisfied that section's requirements also. (*LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627 [83 Cal.Rptr. 208, 463 P.2d 432]; see also *Moyer* v. *Workmen's Comp. Appeals Bd.* (1972) 24 Cal.App.3d 650, 655 [100 Cal.Rptr. 540].) No such report was prepared in the present case. The parties do not address the question whether a report is mandatory although we note it is clearly contemplated by California Rules of Court, rule 57(a), which requires, among other things, a petition for review from an order of the WCAB must include "the referee's findings and decision,

---

[2]All statutory references are to the Labor Code unless otherwise specified.

[3]Section 5908.5, in its entirety, provides: "Any decision of the appeals board granting or denying a petition for reconsideration or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a referee and shall be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision. [¶] The requirements of this section shall in no way be construed so as to broaden the scope of judicial review as provided for in Article 2 (commencing with Section 5950) of this chapter."

including the referee's report and recommendation on the petition for reconsideration." Further, rule 10860 of the Rules of Practice and Procedure of the WCAB (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2, art. 17) indicates the petition for reconsideration *shall* be referred to the judge who *shall* prepare a report containing "(a) A statement of the contentions raised by the petition; [¶] (b) A discussion of the support in the record for the findings of fact and the conclusions of law; and [¶] (c) The action recommended on the petition." (See *Mantel* v. *Workmen's Comp. Appeals Bd.* (1974) 37 Cal.App.3d 739 [112 Cal.Rptr. 855].)

In any event, incorporating the *original decision* of the judge, as was done here, cannot satisfy the purposes of section 5908.5 discussed by our Supreme Court in *LeVesque*. Reconsideration before the WCAB by its very nature contemplates a review of the original decision and the evidentiary record *in light of the contentions in the petition for reconsideration.* Simply reincorporating the original decision does nothing to explain or justify that decision in light of the petition. Put another way, it does nothing to assure the decision has received a substantive review for its correctness. We hold under the facts of this case the WCAB, by simply incorporating the *original* decision of the judge, did not comply with the requirements of section 5908.5.

■ The remainder of the order is similarly flawed because it does not "state the evidence relied upon and specify in detail the reasons for the decision." In cursory and conclusionary fashion the order states the WCAB reviewed the entire record and considered medical opinions contrary to that of Dr. Schwartz. Without a single reference to the body of his opinion, the WCAB concludes the opinion is substantial evidence and the board "rejects" arguments the opinion relies on an inaccurate history and is speculative. To hold this order "state[s] the evidence relied upon" and "specif[ies] *in detail* the reasons for the decision[]" (italics added) would render those terms meaningless.

The WCAB primarily relies on *Patterson* v. *Workers' Comp. Appeals Bd.* (1975) 53 Cal.App.3d 916 [126 Cal.Rptr. 182] and *Gaiera* v. *Workmen's Comp. App. Bd.* (1969) 271 Cal.App.2d 246 [76 Cal.Rptr. 656]. Neither case is of aid to the board here. Among other things, *Patterson* holds the WCAB may choose the most persuasive among conflicting medical reports. We have no quarrel with the proposition. But there the order denying reconsideration fully recounted the salient portions of the report of the doctor whose opinion was rejected (*id.*, 53 Cal.App.3d at p. 923) and "review[ed] the salient portions of three medical reports." (*Id.*, at p. 924.) From what we can glean about the order in *Patterson*, it was far more complete than the one at issue here.

*Gaiera* is similarly inapposite. The court there held the WCAB may incorporate the referee or judge's report in toto to comply with section 5908.5. Again, we have no quarrel with this conclusion, but nothing in the opinion suggests the report and order incorporating it were as conclusionary and sparse as the one at issue here. And again *Gaiera* involved a report on *reconsideration,* not an original decision.

Although each case dealing with section 5908.5 must be decided on its own facts, several decisions discussing the statute are instructive and reinforce our conclusion the WCAB's order here is inadequate. The Supreme Court said in *Goytia* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 889 [83 Cal.Rptr. 591, 464 P.2d 47], "the instant case symbolizes the vice of the neglect of the rule: in reading the narrative account of applicant's work history one cannot authoritatively tell whether the board did or did not give any consideration to the evidence of subsequent earnings. The board's conclusionary statement does not suffice to inform this court of its specific holding or the basis for it. It offers no scintilla of reason for refusing to fix the rate in accordance with petitioner's subsequent earnings, if it did give such earnings 'due consideration,' and such omission is the more flagrant in view of the statutory obligations of the board . . . ." (*Id.,* at p. 893; see also *Baker* v. *Workmen's Comp. Appeals Bd.* (1971) 18 Cal.App.3d 852, 862 [96 Cal.Rptr. 279].)

In contrast to this WCAB order, the one granting reconsideration found adequate in *Sabedra* v. *Workmen's Comp. Appeals Bd.* (1974) 42 Cal.App.3d 428 [116 Cal.Rptr. 881] specifically discussed the medical reports at issue *and* the conflicts between them. In *Twentieth Century-Fox Film Corp.* v. *Workers' Comp. Appeals Bd.* (1983) 141 Cal.App.3d 778 [190 Cal.Rptr. 560], the court indicated the order consisted largely of quotes from the evidence, "instead of providing the reasoning for the decision." (*Id.,* at p. 784.) Here there is neither. "There are complex factual, medical, and legal issues in any case where the applicant has a pre-existing condition [an issue in dispute here] and industrial causation is a basic issue. [Citations.] Only *full compliance* by the appeals board with Labor Code, section 5908.5 will give the parties an opportunity for meaningful review by the court." (*Peck* v. *Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 448, 451 [72 Cal.Rptr. 904], italics added.)

The WCAB also argues lack of compliance with section 5908.5 resulted in no prejudice because Painter is aware of the evidentiary basis for the board's decision. In support of this argument the WCAB relies on language taken out of context from a case in which reconsideration was *granted,* benefitting an employee. (See *Albert Van Luit Wallpaper Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 36 Cal.App.3d 88 [111 Cal.Rptr. 247].) Even

assuming Painter is so aware, there is nonetheless prejudice because the order does not demonstrate the board properly performed its function or permitted effective review. Prejudice inherently results; the board's argument is patently frivolous.

It is well established "[e]xpert medical opinion . . . does not always constitute substantial evidence on which the board may rest its decision. . . . [T]he board may not rely on medical reports . . . it knows to be erroneous [citation], upon reports which are no longer germane [citation], or upon reports based upon inadequate medical history or examinations [citations]. [Also] . . . 'an expert's opinion which does not rest upon relevant facts or which assumes an incorrect legal theory cannot constitute substantial evidence. . . .' [¶] An expert opinion is also insufficient to support a board determination when that opinion is based on surmise, speculation, conjecture or guess. [Citations.]" *(Place* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 372, 378 [90 Cal.Rptr. 424, 475 P.2d 656]; see also *City of Santa Ana* v. *Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 212 [180 Cal.Rptr. 125].) Painter is entitled to an adequate explanation, if there is one, why Dr. Schwartz' opinion did not suffer from the aforementioned infirmities.

■ Workers' compensation laws are liberally construed with the purpose of extending their benefits for the protection of people injured in the course of their employment. (§ 3202; *Taylor* v. *Workers' Comp. Appeals Bd.* (1983) 148 Cal.App.3d 678, 683 [196 Cal.Rptr. 182].) In construing application of these laws, it is fundamental we ascertain legislative intent to effectuate the purpose of the law. *(Travelers Insurance Co.* v. *Sierra Pacific Airlines* (1983) 149 Cal.App.3d 1144, 1150 [197 Cal.Rptr. 416].) Where the provisions of these laws are susceptible to an interpretation either beneficial or detrimental to injured employees, they must be construed favorably to the employees. *(Taylor* v. *Workers' Comp. Appeals Bd., supra,* 148 Cal.App.3d at p. 683.) This rule is binding on the WCAB and reviewing courts. *(Western Electric Co.* v. *Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 629, 641 [160 Cal.Rptr. 436].) Our conclusion is consistent with these principles. "The board's failings in the foregoing respects violated both the spirit and letter of Labor Code section 5908.5. [Citations.]" *(Baker* v. *Workmen's Comp. Appeals Bd., supra,* 18 Cal.App.3d 852, 862.)

II

■ Painter also contends the WCAB's decision is not supported by substantial evidence. Normally " '[i]n reviewing the evidence our legislative mandate and sole obligation is to review the entire record to determine whether the board's conclusion was supported by substantial evidence' [ci-

tation] . . . [and] 'factual determinations of the board must be upheld if there is substantial evidence in their support and the relevant and considered opinion of one physician, though inconsistent with other medical opinions, may constitute substantial evidence' [citation]." (*Place* v. *Workmen's Comp. App. Bd., supra,* 3 Cal.3d 372, 378.)

However, where there is a failure to comply with section 5908.5 appellate review of the substantive questions is not appropriate. "That section provides that any decision of the board denying a petition for reconsideration 'shall be in writing . . . and shall state the evidence relied upon and specify in detail the reasons for the decision.' Where the board fails to comply with this section, the court cannot fairly consider the substantive issues raised by the petition for review. [Citation.]" (*B-L Ranch, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 192, 194 [73 Cal.Rptr. 124]; see also *Burbank Studios* v. *Workers' Comp. Appeals Bd., supra,* 134 Cal.App.3d 929, 936-937.)

The order of the WCAB denying reconsideration is annulled. The matter is remanded to the WCAB for further proceedings consistent with this opinion.

Trotter, P. J., and Wallin, J., concurred.