[No. A037788. First Dist., Div. One. Nov. 23, 1987.]

DENISE ST. CYR, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
COMPUTERLAND CORPORATION et al., Respondents.

**COUNSEL**

W. Dennis Cunnane, Nancy Roberts and Jewel, Leary & Russo for Petitioner.

Vivian O'Neal, Alexander, Millner & McGee, Andrea Ford Robinson, Robinson & Robinson, Ellen P. Trossman and Chernow & Trossman for Respondents.

## OPINION

NEWSOM, J.—Petitioner Denise St. Cyr seeks review of an order of the workers' compensation Appeals Board (Board) which affirmed a decision of the workers' compensation judge. The judge had dismissed a petition for penalty for discrimination filed within one year of the effective date of petitioner's termination as not timely filed. We conclude that the Board erred as a matter of law in finding petitioner's claim, filed within one year of the effective date of her termination, to be barred by the one-year statute of limitations of Labor Code section 132a.[1]

Petitioner, employed in the shipping department of respondent Computerland Corporation, insured by respondent Zenith Insurance Company, sustained injuries to her lower back on April 12, 1983, when she was struck by a heavy wooden pallet. Petitioner received medical care and while she remained temporarily disabled she received a letter from her employer. The letter dated March 6, 1984, advised petitioner that due to "our increasing work volume and staffing limitations placed upon us and as you know, your continued absenteeism, it is no longer possible to maintain you on the active employment rolls of the Shipping Department. Your employment with Computerland Corporation and any benefits deriving from said employment is [sic] terminated effective March 15, 1984."

On March 15, 1985, petitioner filed a petition for penalty for discrimination pursuant to section 132a. Computerland filed a petition to dismiss, alleging that petitioner had received her notice of termination on March 7, 1984, and that she did not file her petition within one year of that date. Computerland relied on federal cases that had no relevance to California workers' compensation law.

The workers' compensation judge, ignoring the alternative wording of the statutory limitations provision contained in section 132a, and relying on the authority submitted by Computerland, ruled that since petitioner's petition for penalty for discrimination "was not filed within one year of the alleged discriminatory act," it was not timely and the judge ordered that the petition be dismissed.

[1] All further references are to the Labor Code unless otherwise noted.

Petitioner sought reconsideration. In his report and recommendation on petition for reconsideration, the judge reasoned that the letter of March 6, 1984, received by petitioner on March 7, 1984, was the employer's act of termination of her employment and was the discriminatory act complained of by petitioner, and that petitioner had one year from March 7, 1984, when she was notified of the discriminatory act, to file her petition pursuant to section 132a. The judge concluded that "[t]he restrictive language of section 132a . . . prohibits commencement of proceedings of [*sic*] more than one-year after either of the stated events, and does not allow a choice of one or the other." In denying reconsideration, the Board adopted the report of the judge.

Section 132a provides for increased compensation up to $10,000 for an employee who has been discharged or discriminated against by an employer because the employee has filed or made known his or her intention to file an application for workers' compensation benefits or because the employee has received a rating, award or settlement. The section also provides for reinstatement and reimbursement of lost wages and work benefits caused by the acts of the employer. Section 132a also provides that proceedings for the increased compensation or for reinstatement and reimbursement "may not be commenced more than one year from the discriminatory act or date of termination of the employee."[2]

Section 132a, originally enacted in 1941, was repealed in 1972 and a new section 132a was added. (Stats. 1972, ch. 874, §§ 1, 2, p. 1545.) The new legislation included the foregoing limitations language which is the subject of this proceeding. The parties have cited no authority construing the limi-

---

[2]Section 132a, in relevant part, provides as follows: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.

"(1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file an application for adjudication with the appeals board, or because the employee has received a rating, award or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

". . . . . . . . . . . . . . .

"Proceedings for increased compensation as provided in paragraph (1), or for reinstatement and reimbursement for lost wages and work benefits, are to be instituted by filing an appropriate petition with the appeals board, but *these proceedings may not be commenced more than one year from the discriminatory act or date of termination of the employee.* . . ." (Italics added.)

tations provision added in 1972, nor has our research disclosed any such authority. It appears, therefore, that the construction of the provision is a matter of first impression for this court.[3] In finding the claim barred, the judge relied upon federal authorities submitted by respondents. The cited cases apply the rule, first enunciated in *Delaware State College* v. *Ricks* (1980) 449 U.S. 250 [66 L.Ed.2d 431, 101 S.Ct. 498], that a cause of action for wrongful termination accrues upon notice, not upon termination of services to the employer. In *Delaware State College, supra,* a teacher filed suit alleging that denial of tenure at a state college deprived him of his rights under Title VII of the Civil Rights Act of 1964 and under 42 United States Code section 1981. The court held that the applicable one-year limitations period began to run when Ricks was denied tenure, rather than on the date his employment ended, and his action, filed within one year after his employment terminated, was time-barred. (See also *Chardon* v. *Fernandez* (1981) 454 U.S. 6 [70 L.Ed.2d 6, 102 S.Ct. 28]; *Wilkerson* v. *Siegfried Ins. Agency, Inc.* (10th Cir. 1980) 621 F.2d 1042; *Abramson* v. *University of Hawaii* (9th Cir. 1979) 594 F.2d 202; *Krzyzewski* v. *Metropolitan Government, etc.* (6th Cir. 1978) 584 F.2d 802.) The federal rule, first applied in Title VII civil rights cases, has also been applied to diversity actions for wrongful discharge filed in the federal courts, most recently in *Eisenberg* v. *Insurance Co. of North America* (9th Cir. 1987) 815 F.2d 1285. *Eisenberg* followed *Daniels* v. *Fesco Division of Cities Service Company* (9th Cir. 1984) 733 F.2d 622. *Daniels* relied on Title VII cases to find that a wrongful discharge action accrued when the notification was given, rather than the date when compensation stopped. (*Id.,* at p. 623.)

■ Although federal precedents have often been invoked by California courts in labor matters, they are not binding on this court. (*San Francisco Bay Area Rapid Transit Dist.* v. *Superior Court* (1979) 97 Cal.App.3d 153, 161 [158 Cal.Rptr. 627].) The federal cases relied upon by the judge and the Board are particularly unpersuasive, for those cases construe limitations provisions which focus on the date the alleged unlawful employment practice occurred, whereas in section 132a, the applicable California statute, the words "discriminatory act" and "date of termination" are separated by the word "or." ■ The use of the word "or" in a statute indicated an intention to use it disjunctively so as to designate alternative or separate categories. (*White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191]; *Houge* v. *Ford* (1955) 44 Cal.2d 706, 712 [285 P.2d 257]; *People* v. *Smith* (1955) 44 Cal.2d 77, 78 [279 P.2d 33]; *Barker Bros., Inc.* v. *Los Angeles* (1938) 10 Cal.2d 603, 606 [76 P.2d 97].)

---

[3] Amendments to section 132a in 1978 (Stats. 1978, ch. 1250, § 3, p. 4065) and 1982 (Stats. 1982, ch. 922, § 1, p. 3363) removed references to section 4553, added the remedy of reinstatement and reimbursement for lost wages and work benefits and made changes to improve syntax but did not alter the limitations language here under review.

Moreover, the Legislature has mandated that courts liberally construe the workers' compensation act "with the purpose of extending [its] benefits for the protection of persons injured in the course of their employment." (§ 3202.) In accordance, courts have held that statutes of limitations in workers' compensation cases " 'must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result in a right being lost before it accrues.' " (*General Foundry Service* v. *Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331, 337 [228 Cal.Rptr. 243, 721 P.2d 124]; *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 330-331 [90 Cal.Rptr. 431, 475 P.2d 663]; *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236].) ■ The rule of liberal construction applies to section 132a "even if we were to assume that section 132a envisages the imposition of a penalty, . . ." (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668 [150 Cal.Rptr. 250, 586 P.2d 564].)

■ It has also been held that " '[w]here provisions of [the workers' compensation] laws are susceptible of an interpretation either beneficial or detrimental to injured employees or an ambiguity appears, they must be construed favorably to the employees.' " (*Department of Corrections* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 203-204 [152 Cal.Rptr. 345, 589 P.2d 853]; *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294]; *Taylor* v. *Workers' Comp. Appeals Bd.* (1983) 148 Cal.App.3d 678, 683 [196 Cal.Rptr. 182].) ■ And a statute " 'should not be given a construction that results in rendering one of its provisions nugatory.' " (*Leeth* v. *Workers' Comp. Appeals Bd.* (1986) 186 Cal.App.3d 1550, 1556.)

■ Final responsibility for the interpretation of section 132a rests with the courts. (*City of Anaheim* v. *Workers' Comp. Appeals Bd.* (1981) 124 Cal.App.3d 609, 613 [177 Cal.Rptr. 441].) ■ The Board's interpretation of the limitations provision of section 132a was erroneous inasmuch as the Board failed to recognize the alternative nature of the statute and to apply the foregoing policies, including the policy that statutes should be construed favorably to the employee, rather than to the employer. Under a proper interpretation, the claim, filed within one year after the effective date of the termination set forth in the letter, is timely and effectuates the policy opposing all discrimination against workers based solely on their having been injured in the course of employment. (*Judson Steel Corp* . v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 658, 669.)

The Board's order of December 18, 1986, is annulled, and the matter is remanded to the Board for further proceedings consistent with this opinion. Petitioner shall recover her costs.

Racanelli, P. J., and Holmdahl, J., concurred.