TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------------------------------------------
                              :
        OPINION               :          No. 88-306
                              :
          of                  :          July 13, 1988
                              :
    JOHN K. VAN DE KAMP       :
     Attorney General         :
                              :
     CLAYTON P. ROCHE         :
  Deputy Attorney General     :
                              :
----------------------------------------------------------------


        THE HONORABLE BYRON SHER, Member of the California Assembly, has requested an opinion on the following questions:


        1. May a public agency release to the public summary information from records maintained pursuant to section 832.5 of the Penal Code?

        2. May a public agency compile and release to the public statistical information concerning the types of citizens' complaints filed pursuant to section 832.5 of the Penal Code and the disposition of such complaints?

CONCLUSIONS

        1. Section 832.7 of the Penal Code by its confidentiality and disclosure provisions bars a public agency from releasing to the public summary information from records maintained pursuant to section 832.5 of the Penal Code.

        2. Section 832.7 of the Penal Code by its confidentiality and disclosure provisions bars a public agency from compiling and releasing to the public statistical information concerning the types of citizens' complaints filed pursuant to section 832.5 of the Penal Code and the disposition of such complaints.

ANALYSIS

Section 832.5 of the Penal Code [1] requires all departments and entities which employ peace officers to establish a procedure for citizens' complaints against departmental personnel. That section provides:

"(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies, and shall make a written description of the procedure available to the public.

"(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years."

The courts have stated that one of the purposes of this 1974 enactment (Stats. 1974, ch. 29), which originally applied only to sheriffs' departments and city police departments but the coverage of which was expanded in 1978 (Stats. 1978, ch. 630), was a desire on the part of the Legislature to encourage citizens' complaints. (Pena v. Municipal Court (1979) 96 Cal.App.3d 77, 82).

Chapter 630, Statutes of 1978, which expanded the coverage of section 832.5, also enacted section 832.7 and Evidence Code sections 1043 and 1045. These amendments followed in the wake of the California Supreme Court's decision in Pitchess v. Superior Court (1974) 11 Cal.3d 531 to provide the rules with respect to accessing records of citizens' complaints. In Pitchess the court permitted discovery of citizens' complaints in a criminal case under informal rules relating to criminal discovery coupled with the "balancing test" provided for in section 1040, subdivision (b)(2) of the Evidence Code for disclosure of "official information." The 1978 amendments substituted statutory procedures for so-called "Pitchess motions."

Section 832.7 is the focus of this opinion. That section presently provides:

"Peace officer personnel records and records maintained pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of

_____

[1] All section references are to the Penal Code unless otherwise indicated.

police officers or a police agency conducted by a grand jury or a district attorney's office."[2]

The addition of section 832.7 coupled with Evidence Code sections 1043 and 1045 in 1978 was to protect the right of privacy of peace officers who were the subject of citizens' complaints, and to make their personnel records, which include such complaints, privileged material. This purpose of protecting peace officers' right of privacy is evidenced specifically in section 832.8. That section defines peace officers' "personnel records" for purposes of section 832.7 and includes "(e) [c]omplaints, or investigations of complaints. . . or (f) [a]ny other information the disclosure of which would constitute an unwarranted invasion of personal privacy." (See also generally City of Santa Cruz v. Superior Court (1987) 190 Cal.App.3d 1669, 1674; Herrera v. Superior Court (1985) 172 Cal.App.3d 1162-1163; Arcelona v. Municipal Court (1980) 113 Cal.App.3d 523, 532.)

Additionally, the confidentiality provisions of section 832.7 would also appear to be intended to encourage citizens to make complaints against peace officers by shielding their complaints from undo publicity.

We are asked with respect to these provisions:

1. Whether a public agency may release to the public summary information from the records maintained pursuant to section 832.5; or

2. Whether a public agency also may compile and release to the public statistical information concerning the types of citizens' complaints filed and the disposition of such complaints.

1.  The Release of Summary Information

As to the possible release of summary information to the public, a number of possible examples were supplied to us with the request for our opinion, progressing from very summary information to a more detailed summary. Several are set forth in the Appendix hereto.

_____

[2]Section 1043 of the Evidence Code provides the procedure for discovery of records maintained pursuant to section 832.5. Section 1045 of the Evidence Code implements that section, including an in camera inspection by the court of the records sought. Section 1046 of the Evidence Code, added in 1985 (Stats. 1985, ch. 539), provides that where the party requesting discovery is alleging that excessive force was used in an arrest, a copy of the police report must accompany the discovery motion.

The issue is whether section 832.7 prohibits the release by the police agency of such summaries. We conclude that it does.

Returning to the wording of section 832.7, we note that the wording is clear. "Peace officer personnel records and records maintained pursuant to section 832.5, <u>or information obtained from these records</u>, are confidential. . . ." (Emphasis added.) All of the examples set forth in the appendix contain "information obtained from" records maintained pursuant to section 832.5. The section contemplates disclosure of such information only (1) pursuant to discovery motions and (2) in investigations or proceedings of the grand jury or the district attorney's office. Accordingly, release of information in other situations would constitute a clear violation of the section.

Statutes are to be literally applied according to their plain language unless to do so would produce absurd results or would defeat the manifest intention of the Legislature. (<u>People</u> v. <u>Belleci</u> (1979) 24 Cal.3d 879, 884; <u>California Highway Patrol</u> v. <u>Worker's Compensation Appeals Board</u> (1986) 178 Cal.App.3d 1016, 1024.) No absurdity would result from not permitting the release of summary information obtained from police reports.

Furthermore, we believe it is significant that the Legislature in section 832.7 designated citizens' complaint records and information obtained therefrom to be confidential. Confidential means "l: . . . not publicly disseminated: PRIVATE, SECRET. . . ." (Webster's New Internat. Dict. (3d. ed. 1961 p. 476.) Thus, the Legislature did not in section 832.7 vest any discretion in a public agency as to whether or not to disclose this information. This is to be compared with section 6254 of the Government Code, a part of the California Public Records Act, where that Act in section 6254 specifies several categories of records which are exempt from public disclosure but thereafter specifies that "[n]othing in this section prevents any agency from opening its records concerning the administration of the agency to public inspection, <u>unless disclosure is otherwise prohibited by law</u>." (Emphasis added.) If the Legislature had vested discretion in the public agency to disclose information encompassed by section 832.7, such discretion would have tended to <u>defeat</u> the purpose for which the section was enacted. Accordingly, to apply section 832.7 literally would in no way defeat the manifest intention of the Legislature.

Accordingly, we conclude that a police agency may not release summary information concerning citizens' complaints filed pursuant to section 832.5. Such information is confidential and the agency has a statutory duty to protect that confidentiality. (Cf. <u>Berkeley Police Assn.</u> v. <u>City of Berkeley</u> (1977) 76 Cal.App.3d 931, 942, discussing <u>Younger</u> v. <u>Berkeley City Council</u> (1975) 45

Cal.App.3d 825, 832-833; 71 Ops.Cal.Atty.Gen. 1 (1988), (Opn. No. 87-904, dtd., 1/5/88.)[3]

### 2. The Compilation And Release Of Statistical Data

The second question presented is whether a public agency may compile and release statistical information concerning the types of citizens' complaints filed pursuant to section 832.5 and the disposition of such complaints.

Returning again to the language of section 832.7, we note again that the confidentiality provisions apply to "records maintained pursuant to section 832.5, or information obtained from these records. . . ." (Emphasis added.) Literally, statistical information would be "information obtained from these records" within the wording of section 832.7. The fact that such information may consist of an amalgamation of many bits of information would not change or alter their source, that is, "from these records."

Accordingly, an application of the "plain meaning rule" of statutory interpretation (People v. Belleci, supra, 24 Cal.3d 879, 884; California Highway Patrol v. Worker's Compensation Appeals Board, supra, 178 Cal.App.3d 1016, 1024), would also preclude the dissemination of statistical information to the public derived from citizens' complaint records unless to do so would be contrary to the manifest intent of the legislative, or would produce absurd results.

With respect to legislative intent, we note that there is nothing in the law which provides for the compilation and issuance of such statistical information to the public by individual police agencies. However, there is provision for a compilation and publication of such statistical information in section 13012 with respect to this department's annual crime report. That section provides:

"The annual report of the department [of Justice] provided for in Section 13010 shall contain statistics showing:

" . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3]Younger v. Berkeley City Council also held that the special confidentiality provisions of the Penal Code also superseded any possible general provisions of the Public Records Act, Government Code, section 6250 et seq., which might be urged to permit the disclosure of the confidential records involved therein.

"(d)  The number of citizens complaints received by law enforcement agencies under Section 832.5.  Such statistics shall indicate the total number of such complaints, the number alleging criminal conduct of either a felony or misdemeanor, and the number sustained in each category.  The report shall not contain a reference to any individual agency but shall be by gross numbers only. . . . "[4]

Accordingly, the Legislature did not ignore the matter of releasing statistical information concerning citizens' complaints made pursuant to section 832.5.  It directly addressed the matter in section 13012 by designating the type of statistics to be released and the agency which should release them, that is, the State Department of Justice.

Furthermore, an examination of our codes discloses that the Legislature has specifically provided in a number of instances for the publication of statistical data derived from confidential information in other contexts.  Thus, with respect to personal tax information, section 19289 of the Revenue and Taxation Code provides:

"This article does not prohibit the publication of statistics so classified as to prevent the identification of particular reports or returns."

Section 211.5 of the Health and Safety Code provides with respect to morbidity and mortality studies:

". . . Nothing in this section shall prohibit the publishing by the state department of statistical

---

[4]For example, the report "Crime and Delinquency in California", 1986, page 124, stated statistics as follows:

TABLE A-1
CITIZENS' COMPLAINTS
AGAINST PEACE OFFICERS, 1986

| Complaints | Number reported | Number sustained |
|---|---|---|
| TOTAL....... | 12,811 | 2,412 |
| Total criminal.. | 728 | 160 |
| Felony...... | 245 | 49 |
| Misdemeanor | 483 | 111 |

compilations relating to morbidity and mortality studies which do not identify individual cases and sources of information or religious affiliations."

Section 10129 of the Health and Safety Code provides with respect to medical and health reports filed as vital statistics:

"With the exception of statistical tabulation purposes, the medical and health report shall be kept confidential and access to such report shall be limited to the following persons: . . . ."

And section 11144 provides as to confidential state summary criminal history information on file with the Department of Justice:

"(a)  It is not a violation of this article to disseminate statistical or research information obtained from a record, provided that the identity of the subject of the record is not disclosed. . . ."

The specific inclusion in statutes such as those above of an exception as to the release of statistical information is strong evidence that the Legislature did not intend a similar exemption for each public agency maintaining records pursuant to section 832.5.  (See Safer v. Superior Court (1975) 15 Cal.3d 230, 237-238: "its [the Legislature's] articulation of a specific statutory authorization in that situation points to the absence of such authority in the instant case.")  This would seem even particularly true in our situation where the Legislature has specifically provided for the publication of statistics by the Department of Justice, and has defined the scope of those statistics very narrowly.

The question whether to permit publication of statistics in this area is a policy question.  While there are strong policy arguments made in favor of release of this statistical information, we believe that the Legislature in 1) not specifically providing for the publication of statistics locally and 2) specifically providing for the publication of statistics on a statewide basis by the Department of Justice has demonstrated that it has made the policy decision against local publication.  Accordingly, we conclude that a public agency may not on its own motion compile and release to the public statistical information concerning the types of citizens' complaints filed pursuant to section 832.5 of the Penal Code and the disposition of such complaints.

*   *   *   *

EXAMPLE #1

| LOG NO. | NATURE OF COMPLAINT/INVESTIGATION | DISPOSITION |
|---|---|---|
| 1 | The complainant telephoned the department regarding a police officer allegedly speeding in a marked police car.  The investigation was unable to verify that the officer had, in fact, been speeding. | Not Sustained |

EXAMPLE #2

| | | |
|---|---|---|
| 1 | The complainant phoned the department stating that she was improperly issued a traffic citation.  She refused to sign the citation, was not taken to see a judge and she was injured as a result of being handcuffed.

The investigation revealed that the complainant was stopped for speeding and was issued a citation. The complainant refused to sign the citation so she was arrested.  The complainant was told that she might be booked into jail before seeing a judge so she signed the citation. The officer acted properly in handcuffing the complainant. | Exonerated/ Unfounded |

EXAMPLE #3

| | | |
|---|---|---|
| | The complainant called the police department and alleged that an officer used excessive force in applying handcuffs to him and consequently caused complainant to fracture his wrist.  In addition, the officers failed to allow a friend of complainant's to take complainant's car at the time of his arrest. | Exonerated |

The investigation revealed that the officers stopped complainant after receiving a vehicle description of a car used in an armed robbery. After stopping the car, complainant fled on foot and was pursued by one officer. The other officer remained at the car stop as additional suspects were in the vehicle. The pursuing officer apprehended complainant and a struggle ensued. During the confrontation complainant wrestled with the officer and at one point attempted to draw a knife from his waistband. The officer seized his wrist and complainant continued to struggle. During the confrontation complainant's wrist was fractured unavoidably. The officer acted properly in effecting the arrest with an armed suspect.

88-306