**Richard Allan FUNK,**
**Plaintiff-Appellant,**

**v.**

**SPERRY CORPORATION, dba Sperry Univac, Defendant-Appellee.**

No. 87-5948.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1987.

Decided March 24, 1988.

As Amended on Denial of Rehearing
May 31, 1988.

Marvin E. Krakow, Los Angeles, Cal., for plaintiff-appellant.

Joel P. Kelly, Jackson, Lewis, Schnitzler & Krupman, Los Angeles, Cal., for defendant-appellee.

Before SNEED, PREGERSON and BOOCHEVER, Circuit Judges.

SNEED, Circuit Judge:

Richard Allan Funk appeals from the district court's dismissal of his suit against his former employer, Sperry Corporation. The district court granted Sperry's motion for summary judgment as to all of Funk's claims, including wrongful termination, fraud, and age discrimination. We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

Richard Allan Funk began working for Sperry in 1956, as an accountant. Twenty-one years later, in 1977, Funk was working as a manager of financial reporting in Sperry's headquarters in Blue Bell, Pennsylvania. Sperry asked him whether he would be interested in moving to Irvine, California, to work at an accounting position in Sperry's recently acquired minicomputer facility there. Funk agreed to the move.

Sperry's Irvine facility did not prosper; in mid–1981 Sperry decided to close the Irvine plant, and in November 1981 Sperry told Funk that he would be among those laid off. Sperry assisted Funk and through the use of an outplacement ser-

vice, which Sperry provided, Funk found a higher-paying position with TRW. He stopped working at Sperry on March 31, 1982, and began working at TRW in June 1982. Unfortunately, Funk's TRW job ended in March 1983.

Shortly thereafter, Funk consulted an attorney, and on March 29, 1983 he filed an administrative complaint against Sperry with the Equal Employment Opportunity Commission (EEOC). He alleged a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. III 1985). The EEOC dismissed the complaint as untimely filed.

In February 1985 Funk filed a complaint against Sperry in state court. Sperry had the case removed to the Central District of California based on federal question and diversity jurisdiction. The complaint included claims for violation of the ADEA, breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge, tortious denial of contractual obligations, fraud, misrepresentation, violation of California Labor Code § 970, and infliction of emotional distress.

In July 1986 the district court granted summary judgment to Sperry with respect to several of Funk's claims on the ground that they were time barred. In May 1987 the court granted Sperry's motion for summary judgment on the remaining claims. Funk timely appeals the court's ruling as to all of his claims except negligent misrepresentation and infliction of emotional distress.

## II.

## JURISDICTION

Jurisdiction in the district court was based on diversity, 28 U.S.C. § 1332 (1982), and the presence of a federal question, 28 U.S.C. § 1331 (1982). Our jurisdiction rests on 28 U.S.C. § 1291 (1982).

## III.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*, examining the record in the light most favorable to the nonmoving party. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

## IV.

## DISCUSSION

We shall divide our discussion into two major parts—the first devoted to Funk's state law claims and the second to his federal claim under ADEA. The state law claims rest on that amalgam of tort and contract principles that under California law govern the employer-employee relationship.

### A. *State Law Claims*

1. Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Wrongful Discharge

California law commences with a statutory presumption that employment is at will. Cal.Lab.Code § 2922 (Deering 1976). It continues with several limits on this presumption, *see Gray v. Superior Court (Cipher Data Products, Inc.),* 181 Cal.App.3d 813, 819, 226 Cal.Rptr. 570, 572 (1986), which Funk argues apply to this case. We shall examine each of his arguments.

#### a. *Breach of contract*

The simplest way for an employee to rebut the presumption of at-will employment is to show that there was a written employment contract. Funk argues that he had such a contract with Sperry, and that Sperry's termination of his employment violated its provisions. Specifically, he argues that his employment contract provided that he could not be terminated without an individual review of the termination by Sperry's president and vice-president, and that Sperry would make reasonable efforts to find a new position for laid-off employees within Sperry. The district court found that "the only writing providing evidence of Funk's employment agreement is a letter sent to Funk confirming that he had accepted the [Irvine] position." Excerpt of Record (E.R.), tab 115, at 5. That letter says nothing about either of the

above provisions. Funk claims, however, that the provisions were embodied in Sperry's personnel policies which were a part of his employment contract with Sperry.

In California, personnel policies, as typically embodied in an employment manual, can become part of the contractual guarantee under certain circumstances.[1] We need not decide in this case whether the company policies became part of Funk's employment contract because Sperry complied with the policies, as reasonably construed.

Sperry's Personnel Procedures 6.1.1.1 and 6.3.1.1 require that Sperry attempt to fill openings from within the company before looking to external sources. Moreover, an employee who earns more than $30,000 a year and who has worked for Sperry more than twenty years may not be terminated without a review by Sperry's vice president of personnel and its president. Sperry discharged its obligation. Funk's supervisor informed him that his primary responsibility during the last months of his employment was to look for another job, and that he should look for a job within the company. Although Funk does not recall it, Sperry provided a job fair at the Irving plant that was attended by representatives of other Sperry operations. Funk found a higher-paying position with TRW through an outplacement service provided by Sperry. Although Sperry's president delegated his review functions under 6.3.1.1 to the vice president, the procedure utilized in approving Funk's layoff was otherwise fully consistent with the personnel policies. Moreover, Funk did not request presidential review before accepting the higher

paying position, and he cannot point to any job within Sperry for which he was qualified that became available during the period he was laid off.

Funk does not contend that he was promised lifetime employment. Other than the guidelines, the only probative evidence supporting Funk's position is the testimony from Sperry executives that Sperry had a practice of making reasonable efforts to place laid-off employees within Sperry, at least when those employees had worked for Sperry for some time. Even if it is conceded that this practice rose to the level of an implied covenant of Funk's employment contract, Sperry discharged its obligation. Summary judgment was, therefore, appropriate. *See Shapiro v. Wells Fargo Realty Advisors,* 152 Cal.App.3d 467, 482, 199 Cal. Rptr. 613, 621 (1984).

### b. *Implied covenant of good faith and fair dealing*

■ In California, as a matter of law every contract contains an implied covenant of good faith and fair dealing. *Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.,* 36 Cal.3d 752, 768, 686 P.2d 1158, 1166, 206 Cal.Rptr. 354, 362 (1984).[2] Funk argues that Sperry breached this obligation by attempting to conceal its failure to give Funk a presidential review of his termination. Sperry's concealment, Funk argues, consisted of inventing a false reason for his termination, i.e., that he was terminated for poor performance. To support this assertion he points to two internal Sperry memos that mention Funk's poor performance.

---

1. California has recognized that personnel manuals may be analyzed as express contract terms, *Walker v. Northern San Diego County Hosp. Dist.,* 135 Cal.App.3d 896, 903, 185 Cal.Rptr. 617, 621 (1982); or implied-in-fact contract terms, *Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 327, 171 Cal.Rptr. 917, 925 (1981); or implied-in-law contract terms, *Rulon–Miller v. International Business Machs. Corp.,* 162 Cal.App.3d 241, 247–48, 208 Cal.Rptr. 524, 529 (1984). Under California authority Funk would be required to show that he and Sperry, in fact, had a "mutual understanding" that these terms would apply to Funk. *Hillsman v. Sutter Community Hosps.,* 153 Cal.App.3d 743, 753, 200 Cal.Rptr. 605, 611 (1984); *see Pugh v. See's Candies, Inc.,*

116 Cal.App.3d 311, 329, 171 Cal.Rptr. 917, 927 (1981).

2. Most plaintiffs in wrongful termination cases use this implied covenant as a basis for arguing that they could only be fired for good cause. *See, e.g., Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980). Funk does not make that argument, perhaps recognizing that a plant closing for bona fide economic reasons is good cause for a termination. *See Gianaculas v. Trans World Airlines, Inc.,* 761 F.2d 1391, 1395 (9th Cir.1985); *Malmstrom v. Kaiser Aluminum & Chem. Corp.,* 187 Cal. App.3d 299, 321, 231 Cal.Rptr. 820, 832 (1986).

Funk's argument is weak for several reasons. First, Sperry always contended that Funk was being terminated as part of a general layoff. It never equivocated on this. Second, Sperry executives never asserted, even in the two internal memos, that Funk was being terminated because of his performance. Third, it would have been pointless for Sperry to invent poor performance as the reason for the termination. Under these circumstances, Sperry's personnel guidelines provide *more* procedures for an employee fired because of low performance than for one laid-off, and review by the company president is equally improbable in both instances. Most important, Funk points to no evidence that remotely suggests that the discussion of Funk's performance problems was part of a plot to disguise the true motive for Funk's termination.

The undisputed facts are that Sperry allowed Funk to spend his last four months with the company looking for another job; that Sperry encouraged Funk to find a suitable job within the company; and that Sperry provided Funk with an external placement service that succeeded in getting Funk a higher-paying job. No reasonable jury could find that Sperry acted in bad faith.

### c. *Wrongful discharge in violation of public policy*

█ The district court correctly dismissed this claim as time barred. The applicable statute of limitations for this claim is one year. Cal.Civ.Proc.Code § 340 (West 1982 & Supp.1988); *see Miller v. Indasco*, 186 Cal.App.3d 1336, 1339, 223 Cal.Rptr. 551, 553 (1986), *review granted*, 227 Cal. Rptr. 390, 719 P.2d 986 (1986). Funk's claim accrued by March 31, 1982, at the latest, more than three years before he filed suit in state court.

### 2. Tortious Denial of Contractual Obligations

█ In *Seaman's, supra*, the California Supreme Court, in a further blending of contractual and tortious liabilities, held that "a party to a contract may incur tort remedies when, in addition to breaching the contract, it seeks to shield itself from liability by denying, in bad faith and without probable cause, that the contract exists." 36 Cal.3d at 769, 686 P.2d at 1167, 206 Cal.Rptr. at 363. Thus, liability for tortious denial requires that a contract has been breached by the denying party. *See Rulon–Miller v. International Business Machs. Corp.*, 162 Cal.App.3d 241, 252–53, 208 Cal.Rptr. 524, 532–33 (1984). It is interesting to speculate on the long-range effect of this doctrine on the ordinary rules governing the formation of contracts. These speculations need not detain us here. Sperry did not breach its contract; therefore, summary judgment was appropriate on this claim.

### 3. Labor Code § 970, Fraud

█ California Labor Code § 970 does not utilize contractual doctrine. Rather, it rests on tort of deceit and the scienter requirement. It prevents employers from inducing "employees to move to, from, or within California by misrepresentation of the nature, length or physical conditions of employment." *Tyco Indus. v. Superior Court (Richards)*, 164 Cal.App.3d 148, 155, 211 Cal.Rptr. 540, 544 (1985). The representations by the employer must be "knowingly false." Cal.Lab.Code § 970 (Deering 1976).

In California, "fraud is established when a misrepresentation is knowingly made with the intent to induce reliance, and justifiable reliance results, causing plaintiff damage." *Glovatorium, Inc. v. NCR Corp.*, 684 F.2d 658, 660 (9th Cir.1982); *see Stone v. Foster*, 106 Cal.App.3d 334, 344, 164 Cal.Rptr. 901, 906 (1980). Therefore, Funk must point to evidence that Sperry made knowingly false representations to him to support his § 970 claim and his fraud claim. He does not meet this burden.

Funk admits that no one at Sperry lied to him about the transfer to California, or told him that he would never be terminated, or told him that he would be transferred to another Sperry operation if the Irvine plant failed. Unable to show false representa-

tions, he argues that Sperry breached its duty to disclose. He insists that Sperry's position as an employer created a duty to disclose. This is incorrect. Fiduciaries have a duty to disclose, *see, e.g., Barrett v. Bank of America,* 183 Cal.App.3d 1362, 1369, 229 Cal.Rptr. 16, 20 (1986), but Funk and Sperry were not in a fiduciary relationship.

It is true that a duty to disclose can also arise when one party has superior knowledge, or uses half-truths to mislead another party. *See* 4 B.E. Witkin, *Summary of California Law* § 462, at 2726–28 (8th ed. 1974). We need not decide whether Sperry had a duty to disclose under this doctrine, because even if it did, no evidence has been presented that tends to show that Sperry withheld information from Funk with the intent to deceive. Scienter is a necessary element of a fraud claim. *See id.* § 446, at 2711. Funk attempts to cover the bareness of his claims by alleging that Sperry disguised its intent to treat its personnel procedures as guidelines rather than binding terms of employment, and disguised the move to Irvine as a promotion when in fact it was putting Funk out to pasture. No evidence to support these assertions was presented.

B. *Age Discrimination in Employment Act*

Funk claims that Sperry violated the ADEA in terminating his employment. The ADEA, 29 U.S.C. §§ 621–634 (1982 & Supp. III 1985), prohibits age discrimination in employment. It requires a plaintiff in Funk's situation to file a charge with the EEOC within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(2) (1982). This charge also serves as a notice to sue, and is a prerequisite for filing a civil ADEA action. *See id.* At the latest, Funk's age discrimination claim accrued by March 31, 1982, the last day he worked at Sperry. He did not file his claim with the EEOC until March 29, 1983, thus missing the deadline by two months.

Funk admits that he filed his claim after the deadline. He argues, however, that this court, in the interests of fairness, should modify the statutory limitations period to save his claim. We have held that the limitations period of § 626(d)(2) may be modified through: (1) equitable tolling, which focuses on the plaintiff's excusable ignorance of the limitations period; or (2) equitable estoppel, which focuses on the defendant's actions. *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir. 1981).

Funk appears to argue that Sperry caused the delay in filing his claim, first by concealing its reasons for terminating him, and then by finding him a job with TRW. In *Naton,* we said that "[e]quitable modification of the limitations period may be appropriate when misleading conduct of the defendant has induced the plaintiff to delay filing notice of intent to sue." *Id.* We pointed out that an important factor in determining whether estoppel is warranted is "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct." *Id.; see Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044, 1050 (9th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

The district court correctly refused to invoke equitable estoppel in this case. Funk admits that, before he left Sperry, he knew all of the facts on which he later relied in making his age discrimination claim. His allegation that Sperry lulled him into delaying the pursuit of that claim by finding him a job with TRW is completely meritless. One who offers help intended to be permanent should not be penalized when, without the fault of the offeror, it turns out to be only temporary. Even if Funk filed his claim late because of the TRW job, he has brought forward no evidence to show that Sperry was at fault. Summary judgment was appropriate.

AFFIRMED.