15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Heidi MAICHEL, Plaintiff-Appellant,
v.
GENERAL DYNAMICS CORPORATION, Defendant-Appellee.
 No. 92-55850.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided Jan. 20, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Heidi Maichel, Plaintiff-Appellant, appeals the district court's grant of summary judgment in favor of General Dynamics in this diversity action alleging she was wrongfully discharged by General Dynamics Corporation. Plaintiff also appeals from the court's denial of request for stay of proceedings pending institution of a declaratory judgment action in the state court. We agree that plaintiff's claim is time-barred, and we affirm.
 
 Jurisdiction and Standard of Review
 
 4
 Jurisdiction in the district court was pursuant to 28 U.S.C. Sec. 1441(b). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 5
 A grant of summary judgment is a question of law, subject to de novo review. A grant of summary judgment will be affirmed if there are no genuine issues of material fact, and the district court correctly applied the substantive law. Thompson v. City of Los Angeles, 885 F.2d 1439, 1442 (9th Cir.1989).
 
 Discussion
 
 6
 Federal courts exercising diversity jurisdiction look to state law for the applicable statute of limitations. Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir.1992).
 
 
 7
 In Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 176, 164 Cal.Rptr 839, 844, 610 P.2d 1330, 1334 (1980), the California Supreme Court held that wrongful discharges in violation of public policy provide a basis of relief in tort. In Funk v. Sperry Corp., 842 F.2d 1129, 1133 (9th Cir.1988), the Ninth Circuit affirmed the district court's dismissal of plaintiff's wrongful discharge claim because "[t]he applicable statute of limitations for this claim is one year".[1]
 
 
 8
 Plaintiff's claim for wrongful discharge is subject to the one-year statute of limitations for torts.
 
 Commencement of Running of Statute
 
 9
 The period in which a claim for wrongful discharge may be brought begins to run once the employee is notified of her termination. Eisenberg v. Insurance Co. of North America, 815 F.2d 1285, 1291 (9th Cir.1987); Daniels v. Fesco Div. of Cities Services Co., 733 F.2d 622, 623 (9th Cir.1984); Delaware State College v. Ricks, 449 U.S. 250, 101 S.Ct. 498 (1980).
 
 
 10
 Plaintiff and Defendant disagree as to the "triggering" date of the notice which starts the running of the statute of limitations. Plaintiff argues that the proper date is the date of actual termination; defendant contends that plaintiff received sufficient notice on November 9, 1990, or alternatively on December 22, 1990.
 
 
 11
 In this case, it is the alleged retaliation suffered by Maichel (in the form of notice of termination) for her reporting of violations which is the discriminatory act.
 
 
 12
 We do not find it necessary to determine whether time runs from November 9, 1990 or from December 22, 1990. Even assuming, arguendo, that the notice of November 9, 1990 was not 'final', the notice of December 22, 1990 was unequivocal notice of termination and certainly was final. In either case, Maichel's claim is time-barred as it was filed more than one year after the latter date of December 22, 1990.
 
 Equitable Tolling
 
 13
 Maichel asserts that the doctrine of equitable tolling should be invoked to remedy her untimely filing, citing Cocke v. Merrill Lynch & Co., 817 F.2d 1559 (11th Cir.1987).
 
 
 14
 Equitable tolling focuses on the employee with a reasonably prudent regard for his rights. Id. at 1561, citing Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 930, (5th Cir.1975). Maichel was mailed notice of termination on December 21, 1990. The district court presumed that plaintiff received this notice on December 22, 1990.[2] As of that time, Maichel knew she no longer had a job with General Dynamics, yet she waited more than a year before filing her claim. In so doing, Maichel did not act "with reasonably prudent regard" for her rights. Equitable tolling is not justified on the facts of this case.
 
 Stay of Proceedings
 
 15
 Maichel also appeals the district court's denial of her request for stay of proceedings, claiming that the district court should have granted a stay to allow the state court to resolve "urgent questions of unresolved state law."
 
 
 16
 The appropriate standard of review is an abuse of discretion. See, e.g., Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813, 819 (9th Cir.1982). An abuse of discretion occurs only when the decision is based on an erroneous conclusion of law or where the record contains no evidence on which that decision could be rationally based. Pue v. Sillas, 632 F.2d 74, 78 (9th Cir.1980).
 
 
 17
 The district court relied on applicable precedent in addressing the statute of limitations and accrual of cause of action issues in this case.
 
 
 18
 The district court did not abuse its discretion in denying plaintiff's motion for stay pending institution of a state declaratory judgment action.
 
 
 19
 Viewing the evidence in the light most favorable to the non-moving party, we find there are no genuine issues of material fact.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The one-year limitations period applicable to wrongful discharge claims is set forth in the Cal.Civ.Proc.Code Sec. 340
 
 
 [2]
 This presumption is not challenged by plaintiff