29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph A. MERTEN, Plaintiff-Appellant,
v.
The NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),
Defendant-Appellee.
 No. 93-56442.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph A. Merten appeals pro se the district court's orders (1) granting the National Railroad Passenger Corporation's ("Amtrak") motion for partial summary judgment on Merten's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-34, and Article I, Section 7 of the California Constitution,[1] and (2) dismissing for failure to comply with the district court's local rules Merten's claim for violations of the California Public Utilities Code. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 3
 * ADEA and California Constitutional Claims
 
 
 4
 We review de novo the district court's summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990).
 
 A. ADEA Claim
 
 5
 Merten contends the district court erred by determining that his ADEA claim was time-barred because Merten failed timely to file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). This contention has merit.
 
 
 6
 In his complaint, Merten alleged that in late October 1990 Amtrak refused to hire him as an electrician on the basis of his age.[2] Pertinent ADEA procedures required Merten to file a discrimination charge with the EEOC within 300 days. See 29 U.S.C. Sec. 626(d)(2); Funk v. Sperry Corp., 842 F.2d 1129, 1134 (9th Cir.1988). An EEO charge serves as a notice to sue, Funk, 842 F.2d at 1134, and "[t]his circuit treats this notice requirement as a statute of limitations," Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 675 (9th Cir.1988).
 
 
 7
 In support of its motion for summary judgment, Amtrak submitted evidence in the form of copies of correspondence, including a Freedom of Information Act request, between Amtrak and the EEOC. This evidence demonstrated that the EEOC did not have a record that Merten had filed a timely EEO charge. Rather, the evidence showed that Merten did not file a charge until June 1992, well after the 300-day filing period had expired.
 
 
 8
 In his opposition, Merten submitted his sworn declaration stating that he had visited the EEOC's Los Angeles office within the 300-day filing period, and that he had filled out a "printed form" describing the events leading to his complaint. Merten also stated that he met with an EEO officer who refused to take action on his behalf and that he left the EEO office "believing" that he had filed a complaint. The district court concluded that Merten's belief that he had filed a complaint was "legally insufficient to establish the timely filing of an administrative charge."
 
 
 9
 EEOC regulations provide that a charge is sufficient if it is in writing, names the prospective respondent, and generally alleges the discriminatory acts. See 29 C.F.R. Sec. 1626.6, .8(b). Merten argues that the district court's conclusion is incorrect because the form he filled out when he visited the EEOC's office satisfies his duty to file a written EEO charge. Merten relies on this court's decision in Casavantes v. California State Univ., a Title VII case, in which this court held that the filing of an EEOC intake questionnaire may satisfy a plaintiff's obligation to file a charge with the EEOC. 732 F.2d 1441, 1442-43 (9th Cir.1984).
 
 
 10
 We are well aware that Merten did not bother to submit into evidence either an affidavit or a declaration from the EEO officer with whom he met or a copy of the form he allegedly filled out. Thus, it is by no means clear that the alleged form satisfies the EEOC's charge requirements. See 29 C.F.R. Sec. 1626.6, .8(b). Nevertheless, because we must view the facts in the light most favorable to Merten, see Rose, 902 F.2d at 1420, and because neither Amtrak nor the district court addressed Merten's declaration regarding the alleged form, we conclude that Merten's declaration was sufficient to preclude summary judgment on the timeliness issue, see Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir.1991) (stating that summary judgment proper only if record, taken as a whole, could not lead rational trier of fact to find for nonmoving party). We therefore reverse the district court's summary judgment on Merten's ADEA claim and remand for further proceedings consistent with this disposition.
 
 B. California Constitutional Claim
 
 11
 Merten contends the district court erred by determining that his claim under Article I, Section 7(a) of the California Constitution failed because Amtrak is not a government entity and, therefore, Amtrak's actions are not subject to constitutional challenge. This contention has merit.
 
 
 12
 Amtrak is a private, for-profit corporation and is "not ... an agency or establishment of the United States Government." 45 U.S.C. Sec. 541. It appears, however, that under California law Amtrak may be a public utility. See Cal.Pub.Util.Code Sec. 216(a) (defining "public utility" as including common carriers). The California Supreme Court has held that while Article I, Section 7(a) of the California Constitution generally does not restrict private conduct, see Kruger v. Wells Fargo Bank, 521 P.2d 441, 450 (Cal.1974) (construing Article I, Section 7(a)'s predecessor, section 13), state constitutional restrictions may apply to public utilities, see Gay Law Students Ass'n v. Pacific Tel. & Tel. Co., 595 P.2d 592, 597-98 (Cal.1979).
 
 
 13
 In light of the relevant precedent, we conclude that the district court should not have granted summary judgment for Amtrak on Merten's state constitutional claim. See Rose, 902 F.2d at 1420. We therefore reverse the district court's judgment and remand for further proceedings consistent with this disposition. In particular, the district court should consider whether Amtrak is a public utility under California law and, if so, whether Amtrak is subject to state constitutional restrictions under Gay Law Students Ass'n.
 
 II
 California Public Utilities Code Claim
 
 14
 The district court dismissed Merten's claim that Amtrak violated the California Public Utilities Code for failure to comply with the district court's local rules. Merten had failed to file Joint Report of Early Meeting as required by D.Cal.Loc.R. 6.2.
 
 
 15
 We review for abuse of discretion the district court's dismissal of Merten's claim for failure to comply with the local rules. See Guam Sasaki Corp. v. Diana's, Inc., 881 F.2d 713, 715 (9th Cir.1989) (holding that district courts have discretion in interpreting and applying local rules); Thompson v. Housing Authority, 782 F.2d 829, 832 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986).
 
 
 16
 On July 30, 1993, the district court issued to both Merten and Amtrak an order to show cause why the action should not be dismissed for the parties' failure to file the required Joint Report of Early Meeting. The court instructed the parties to file their response by August 13, 1993 and stated that the parties could respond by filing the Joint Report. Amtrak filed a response on August 13. Merten did not file his response until August 20.
 
 
 17
 In his response, Merten requested an extension of time to respond basically because he simply had never opened the envelope containing the district court's OSC until Amtrak served him with its Report of Attempt of Early Meeting. He also speculated that his telephone may not have been working. The district court determined that Merten's response was not adequate and therefore dismissed Merten's Public Utilities Code claim.
 
 
 18
 In this circuit, district courts must weigh several factors before dismissing an action for failure to comply with the local rules. See Thompson, 782 F.2d at 831. In view of our decision to reverse the district court's summary judgment on Merten's other claims, we conclude that the public policy favoring resolution of litigation on the merits and the lack of prejudice to Amtrak calls for reversal of the district court's dismissal of Merten's Public Utilities Code claim. See id. We therefore remand this claim to the district court for further proceedings.[3]
 
 
 19
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Article I, Section 7 provides, in pertinent part, that "[a] person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws." Cal. Const. art. I, Sec. 7(a)
 
 
 [2]
 Merten was 58 years old at the time
 
 
 [3]
 Merten should not take our decision as condoning his cavalier attitude toward mail from the court. Merten is required to follow the rules of court and may not rely on his pro se status as an excuse for his failure to do so. See Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987)