111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward EDELSTEIN, Plaintiff-Appellant,
v.
The RYLAND CORPORATION, a Delaware corporation; M.J. Brock
& Sons, Inc., a wholly owned subsidiary of the Ryland
Corporation; Confederation Life Mutual Insurance Company, a
Canadian corporation, Defendants-Appellees.
 No. 95-56349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1997.
Decided April 18, 1997.
 
 Before: PREGERSON, REINHARDT, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Edelstein appeals the district court's order granting summary judgment in favor of the defendants Brock & Sons, Inc. ("Brock") and The Ryland Corporation ("Ryland"). We reverse and remand for the reasons set forth below.
 
 
 3
 In granting the defendants' motion for summary judgment, the district court construed Edelstein's complaint as stating only an intentional misrepresentation claim. So construed, the district court concluded that Edelstein presented no evidence tending to show that defendants knowingly made false statements regarding their commitment to the San Diego area, as would be required to prove a claim of intentional misrepresentation. See, e.g., Funk v. Sperry Corp., 842 F.2d 1129, 1133 (9th Cir.1988).
 
 
 4
 We have no quarrel with the district court's ruling regarding Edelstein's claim of intentional misrepresentation. The record discloses no evidence that tends to show that Davidson and Olin knowingly made false statements regarding Ryland/Brock's commitment to the San Diego area. However, we believe the district court construed Edelstein's complaint too narrowly. In addition to an intentional misrepresentation claim, Edelstein's complaint stated a claim for negligent misrepresentation, alternatively alleging that "[d]efendants clearly knew or, in the exercise of reasonable care, should have known that they would not maintain a 'presence' in San Diego for any reasonable period of time." To recover under a negligent misrepresentation theory, Edelstein does not have to show that the defendants knowingly made false statements. Rather, Edelstein must show that the defendants made an untrue representation as to a material fact without any reasonable ground for believing that representation to be true. See Continental Airlines v. McDonnell Douglas Corp., 264 Cal.Rptr. 779, 784 (Cal.Ct.App.1989); 5 Witkin, Summary of California Law (Torts) § 720 at 819 (1988).
 
 
 5
 In order to defeat summary judgment, Edelstein must come forward with "sufficiently specific facts" from which reasonable inferences may be drawn to establish the necessary elements of his claims. Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir.1995). When we review the facts in the record, we are unable to conclude that Edelstein has failed to meet that burden with respect to his negligent misrepresentation claim.
 
 
 6
 When Edelstein met with Davidson on August 20, 1991, Davidson told Edelstein that Ryland had a "sincere commitment" to San Diego. Edelstein then met with Olin who stated that Ryland had a "significant commitment" to the San Diego market. Less than two months later, a reorganization was implemented which resulted in the closing of the San Diego division and the termination of most of the San Diego personnel. Olin stated that he first learned about the possibility of closing the San Diego division in early October 1991, shortly after he became Brock's president. Davidson stated he first learned of the restructuring on October 26, 1991, just two days before it was implemented.
 
 
 7
 The close proximity of the decision to close the San Diego decision and the statements made to Edelstein by Olin and Davidson create the reasonable inference that Olin and Davidson should have known that the defendants would not maintain a presence in San Diego for any reasonable period of time. Although Olin and Davidson testified that they were entirely unaware of any plans to close the San Diego division in August 1991, this testimony does not dispel the inference that they should have known that the closure of the San Diego division was imminent. We cannot resolve the factual dispute created between Olin and Davidson's testimony and the inference created by the temporal proximity between their statements to Edelstein and the decision to close the San Diego division. See Braxton-Secret v. A.H. Robins Co., 769 F.2d 528, 531 (9th Cir.1985) ("Questions involving a person's state of mind, e.g., whether a party knew or should have known of a particular condition, are generally factual issues inappropriate for resolution by summary judgment."). Accordingly, we conclude that summary judgment should not have been granted against Edelstein's claim of negligent misrepresentation.
 
 
 8
 Because we conclude that the district court should not have granted summary judgment on Edelstein's misrepresentation claim, we need not reach the other issues raised by Edelstein's appeal; namely, whether the district court abused its discretion when it denied Edelstein leave to amend his complaint or whether the district court abused its discretion when it denied Edelstein's Fed.R.Civ.P. 60(b) motion based upon newly discovered evidence.
 
 
 9
 REVERSED and REMANDED for further proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3