133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gino CUNICO; Marie Cunico, husband and wife; Ronald L.
Durkin, as Chapter 7 Trustee for the bankruptcy
estate of Gino Cunico and Marie Cunico,
Plaintiffs-Appellants,
v.
Jerome BOWIE, an individual, Defendant,
ESSEX ENTERTAINMENT, a New Jersey Corporation, Defendant-Appellee.
 No. 96-56453.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1997.**
Dec. 19, 1997.
 
 Before BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Gino and Marie Cunico[1] appeal from the district court's grant of summary judgment in favor of defendant Essex Entertainment ("Essex") on their claims arising out of their termination from employment. We hare jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Because the parties are familiar with the facts, we discuss them only briefly. Essex, through its agent Jerome Bowie ("Bowie"), offered the Cunicos' jobs at Essex's "JCI division," which was located in the Phoenix, Arizona area. It was a condition of the Cunicos' employment that they relocate from Califoinia, where they resided, to Arizona. Although the Cunicos claim Essex, through Bowie, promised, them job security in order to convince them to accept Essex's job offers and to relocate, Essex claims, and the evidence indicates, otherwise.
 
 
 4
 The Cunicos accepted the jobs at Essex. They did not have a writter contract with Essex. In February 1993, Gino started working for Essex in Phoenix. On July 23, 1993, Bowie told Gino that the Cunicos' positions had been eliminated. Marie had not yet begun working for Essex. Plaintiffs subsequently commenced this action, and Essex moved for summary judgment. The district court granted the motion as to all causes of action.
 
 
 5
 We review a grant of summary judgment de novo. E.g., Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 6
 Plaintiffs contend the district court erroneously granted summary judgment on their cause of action for breach of employment agreement. An employment agreement without, a specified term is presumed to be at will and terminable at any time without cause. Cal. Lab.Code § 2922 (West 1989); Foley v. Interactive Data Corp., 765 P.2d 373, 387 (Cal.1988). An employment contract that purports to be "permanent," "for life" or "for so long as the employee chooses" is "interpreted as a contract for an indefinite period terminable at the will of either party." Foley, 765 P.2d at 385-86 (citations omitted). The Cunicos' evidence indicates, for example, that their jobs were to be a "long-term situation," perhaps for a "lifetime." Accordingly, the presumption of at-will status established by § 2922 applies.
 
 
 7
 This presumption may be overcome. A "for-cause" contract exists where (i) "the parties agreed, expressly or impliedly, that the employee could be terminated only for good cause" or (ii) "the contract was supported by consideration independent of the services to be performed by the employee for his prospective employer." Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1271 (9th Cir.1990) (quoting Rabago-Alvarez v. Dart Indus., Inc., 127 Cal.Rptr. 222, 225 (Ct.App.1976)); see also Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 925 (Ct.App.1981). With respect to (i), the factors relevant to determining whether an implied contract exists are "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." Foley, 765 P.2d at 387 (quoting Pugh, 171 Cal.Rptr. at 925-26)). We have reviewed the record carefully and conclude that the Cunicos failed to create a triable issue of fact with respect to the factors set out in Foley.
 
 
 8
 The Cunicos contend that their relocation to Arizona constituted independent consideration for an agreement for which termination could only be "for cause," and that, in return for their relocation, their employment was to be long-term and secure. Relocation can constitute independent consideration supporting a "for cause" contract, but the employee must show that he or she relocated only after explicitly bargaining with the employer to do so in exchange for the promise of a "for cause" contract. Comeaux, 915 F.2d at 1272 n. 8 (citing Ferreyra v. E. & J. Gallo Winery, 41 Cal.Rptr. 819, 822 (Dist.Ct.App.1964)); Levy v. Bellmar Enters., 50 Cal.Rptr. 842, 345-46 (Dist.Ct.App.1966). Although plaintiffs wanted long-term employment, our careful review of the evidence indicates relocating to Arizona was a condition of the job and did not constitute independent consideration for an additional promise of job security. Thus, the Cunicos were at-will employees who could be terminated without cause at any time, and summary judgment was proper on their cause of action for breach of employment agreement.
 
 
 9
 Plaintiffs contend the district court erred in granting summary judgment with respect to their cause of action for an alleged breach by Essex of its implied covenant of good faith and fair dealing. However, "breach of the implied covenant cannot logically be based on a claim that a discharge was made without good cause" where the employee was it will. Foley, 765 P.2d at 400 n. 29. Summary judgment was appropriate.
 
 
 10
 In addition, summary judgment was properly granted on the Cunicos' contract-based causes of action because Essex terminated the Curicos for economic reasons, which constitutes good cause for termination. E.g., Schneider v. Kaiser TRW, Inc., 938 F.2d 986, 992 (9th Cir.1991); Malmstrom v. Kaiser Aluminum & Chem. Corp., 231 Cal.Rptr. 820, 832 (Ct.App.1986). The evidence was uncontroverted that Essex cut expenses in certain operations, including support functions at JCI in Arizona, because of lower than expected revenue in all of its divisions.
 
 
 11
 Summary judgment was properly granted on plaintiffs' cause of action for violation of California Labor Code § 970, which prohibits employers from causing employees "to move to, from, or within California by misrepresentation of the nature, length or physical conditions of the employment." Tyco Indus., Inc. v. Superior Court, 211 Cal.Rptr. 540, 544 (Ct.App.1985) (discussing § 970). The representations made by the employer must be "knowingly false." Funk v. Sperry Corp., 842 F.2d 1129, 1133 (9th Cir.1988). The evidence indicates Essex did not promise the Cunicos long-term employment if they would move from California to Arizona. In addition, no evidence indicates that Essex's representations, if any, were knowingly false when made or that Essex foresaw its disappointing financial performance.
 
 
 12
 The Cunicos contend their termination constitutes tortious discharge in violation of California public policy because it violates California Labor Code § 970. Although § 970 may provide a sufficient basis to support a claim for termination in violation of public policy, Finch v. Brenda Raceway Corp., 27 Cal.Rptr.2d 531, 534 (Ct.App.1994), plaintiffs' § 970 cause of action failed and their public policy cause of action does as well.
 
 
 13
 Summary judgment was properly granted on plaintiffs' cause of action for fraud. To prove fraud, a party must show a knowingly false representation, an intent to deceive or induce reliance, justifiable reliance by that party, and resulting damages. E.g., Lazar v. Superior Court, 909 P.2d 981, 984-85 (Cal.1996). The Cunicos did not create a triable issue as to whether misrepresentations were made to them. Moreover, there was no evidence that Essex's misrepresentations, if any, were knowingly false.
 
 
 14
 Summary judgments was also proper for the Cunicos' cause of action for negligent misrepresentation. To prove negligent misrepresentation, a plaintiff must show that the defendant made a false representation as to a past or existing material fact; the defendant, regardless of its actual belief, made the representation without any reasonable ground for believing it to be true; the representation was made with the intent to induce the plaintiff to rely on it; and the plaintiff, unaware of the falsity of the representation, justifiably acted in reliance on the representation, thereby sustaining damages. Continental Airlines, Inc. v. McDonnell Douglas Corp., 264 Cal.Rptr. 779 (Ct.App.1989). The Cunicos failed to create a triable issue of fact with respect to these elements; in particular, the Cunicos failed to point to any evidence that Essex made representations without reasonable grounds for believing the representations to be true.
 
 
 15
 We do not reach the issue of damages.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Plaintiffs" and the "Cunicos" refer to the Cunicos collectively. "Gino" refers to Gino Sunico, and "Marie" refers to Marie Curico